[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #129
The plaintiff in this action had issued a policy of automobile insurance to the defendant, which policy included underinsured motorist coverage. After the defendant had made a claim thereunder, the parties proceeded to arbitration in accordance with the terms of the policy. The plaintiff alleges that after two of the three arbitrators had agreed upon an award, the defendant's attorney disclosed to one of those two arbitrators that the plaintiff's offer of settlement had been more than the proposed award, which disclosure caused that arbitrator to refuse to sign the previously agreed upon award.
The complaint is in two counts and alleges that the defendant's attorney was acting as her counsel and agent in making such disclosure and thus the plaintiff claims that she is bound thereby. The first count alleges a breach of contract on the basis that the defendant's attorney grossly and intentionally interfered with the arbitration procedure for the purpose of frustrating its completion, thereby requiring a second proceeding. In the second count of the complaint the plaintiff alleges that such conduct constituted a gross and patent breach by the defendant of her obligation to deal in good faith.
In her claim for relief, the plaintiff seeks a declaration that the plaintiff has forfeited her right to make any further underinsured motorist claims under the policy relating to the bodily injury at issue, along with an order barring her from taking any steps to compel arbitration pending the outcome of the plaintiff's claim as to forfeiture. Also the plaintiff seeks an award of attorney's fees incurred in defending the defendant's claim.
The defendant moves to strike each count of the complaint on the basis that the allegations therein are insufficient to state a cause of action and additionally do not sufficiently allege that the defendant's attorney had authority to act as alleged. The defendant also moves to strike the claims for relief on the basis that a forfeiture of policy rights is not an allowable CT Page 2887 remedy, and that the allegations of the complaint are insufficient to support an award of attorney's fees.
As to the first count of the complaint, the plaintiff alleges that the actions of the defendant's attorney "constituted a breach of the defendant's obligations inherent in the arbitration clause of the insurance contract." The court agrees with the defendant that the allegations therein are insufficient to allege an implied contract. (This is not to say that good faith and fair dealing cannot be implied, but that subject is dealt with in the second count). There are not sufficient factual allegations set forth to support the legal conclusions set forth in the first count of the complaint. See Therrien v. Safeguard Mfg. Co., 180 Conn. 91, 95 (1980).
The court does agree with the plaintiff, however, that a contract of insurance contains an implied covenant of good faith and fair dealing. Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 556 (1984). Additionally, allegations of conduct designed to intentionally frustrate the issuance of an unsatisfactory arbitration award, and require a new hearing, should be sufficient to allege a breach of such a covenant.
In this case, however, it is not alleged that the defendant herself engaged in such conduct, nor is it alleged that she was even aware of it. It is not alleged that the defendant authorized her attorney to make any disclosures relative to settlement offers. Rather, the plaintiff claims that such authorization is to be inferred from the facts pled, and that the acts of her attorney must be imputed to the defendant.
However, where an attorney acts in bad faith, without the knowledge of his or her client, such acts should not be imputed to the client. Allen v. Nissley, 184 Conn. 539, 543 (1981). The retention of an attorney to pursue a claim such as this should contemplate that the attorney has authority to do these things which are legal and proper in pursuance thereof, and not authority or permission to commit a tortious or illegal act. See Plant v. Trust Company of Columbus, 310 S.E.2d 745 (Ga.App. 1983). (Client sued by debtor for emotional distress as a result of badgering by collection attorney).
It would appear that a necessary allegation as to the second count is that the defendant's attorney, in making the alleged improper disclosure, did so in bad faith so as to breach the CT Page 2888 covenant of good faith and fair dealing. That being the case, such conduct should not, as a matter of law, be imputed to the defendant.
Finally, the court agrees with the defendant, that forfeiture of the defendant's rights under the policy is not a legally recognizable claim for relief even if one or both of the counts of the complaint were allowed to stand. There is no persuasive authority for such a claim.
For the above reasons the motion to strike is granted as to both counts of the complaint and the claim for relief insofar as they seek a forfeiture of all policy rights on the part of the defendant.
Bruce W. Thompson, Judge