### 66942. PLANT v. TRUST COMPANY OF COLUMBUS.

Birdsong, Judge.

This is the second appearance of this case before this court. See *Plant v. Trust Co. of Columbus,* 164 Ga. App. 387 (297 SE2d 37). This appeal is from the grant of summary judgment to Trust Company on appellant's suit for infliction of emotional distress under the laws of Alabama, where appellant is resident.

Essentially, the suit arose from the alleged abusive treatment of appellant resulting in a heart attack and other physical and emotional problems, by an Alabama attorney retained by Trust Company to enforce a judgment on a promissory note. Under the facts in evidence, we find no error in the summary judgment of the trial court. The Alabama attorney was retained for the sole purpose of collecting moneys upon a judgment. With the benefit of every evidentiary presumption in favor of appellant (see Ga. Practice & Procedure, §§ 9-9, 9-10, Davis & Shulman (4th ed.)), the record is clear that there was no master-servant agency relationship between the Trust Company and the attorney to justify the imputation of liability to Trust Company for any abusive acts. Under traditional master-servant law, the attorney was an independent contractor. He was instructed by Trust Company to collect the debt using "whatever arrangements [the attorney] wanted" to use, and Trust Company retained no such controls of the details or performance of the attorney's work as to constitute a master-servant or employer-employee relationship. The Trust Company directed only a certain result to be accomplished, and did not dictate or control how it should be done. Weeks v. C. L. Dickert Lumber Co., 270 Ala. 713, 714 (121 S2d 894, 895); Restatement 2d Agency § 220, p. 485 (2).

Moreover, appellant does not argue that the Trust Company knew of or ratified the alleged abusive acts of the attorney. We think the unique attorney-client relationship should not be analyzed

merely with reference to ordinary agency law. A general retention of an attorney to do all things necessary to pursue a claim or defense (see, e. g., OCGA § 15-19-5 (Code Ann. § 9-605); and see *Equitable Gen. Ins. Co. v. Johnson,* 166 Ga. App. 215 (303 SE2d 757)) should in legal contemplation mean the attorney has authority to do all things legal and proper; not otherwise. We will not presume a direction or authority or permission to commit a tortious or illegal act inheres in the usual attorney-client relationship. The appellant argues that there are certain policy considerations which seek to prevent the badgering of debtors by a creditor's attorney, and that by ordinary agency law, the client is bound by tortious acts "done in the execution of matters within his authority." 7A CJS 309, Attorney & Client, § 190. This may be a correct rule where the tortious act is one generally authorized by the client's employment of the attorney, such as the suing out of an attachment which in fact turns out to be wrongful. (See, e. g., *Atlantic Co. v. Farris,* 62 Ga. App. 212, 215-216 (8 SE2d 665)). Still, the circumstances of the particular case must be examined. Where the tortious or illegal act alleged is one in which there is no evidence the client expressly or impliedly authorized, knew of, or ratified, the personal act of verbal and emotional abuse (as, for example, a criminal act not directed or authorized by the client), it cannot be presumed from the mere fact of general retention that the client intended or authorized such an act, or that it was "within the attorney's authority" to do it. Otherwise, every honest man who in good faith hires and employs an attorney does so at his own grave peril, and the entire foundation of legal ethical responsibility would be diminished by just that much. The policy implications in this are too obvious to need further explanation.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 25, 1983 —
REHEARING DENIED NOVEMBER 18, 1983 —

*Charles A. Gower, Fife M. Whiteside,* for appellant.
*Carlton M. Henson, Jim Humes,* for appellee.