[Civ. No. 25997. Third Dist. Apr. 25, 1986.]

STANLEY LYNN et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
JOYCE WALDRON, Real Party in Interest.

**COUNSEL**

Weintraub, Genshlea, Hardy, Erich & Brown and Sara A. Clark for Petitioners.

No appearance for Respondent.

Jeffery Ogata, Eugene T. Moriguchi, Daniel L. Siegel, Tamara Dahn and Roberta Ranstrom for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.**—Petition for writ of mandate. Petitioners (defendants) seek review of an order granting summary adjudication in favor of real party in

interest (plaintiff). The challenged order holds that defendants may be held vicariously liable for the alleged tortious conduct of their attorney who was retained to represent them in an unlawful detainer action. The underlying action was brought by plaintiff against defendants seeking to recover damages for an alleged wrongful eviction. Insofar as it states claims against defendants, the complaint appears to be predicated on theories of negligent and intentional infliction of emotional distress. Causes of action are alleged against defendants both for their own negligence and on the basis of vicarious liability. One of the issues in the case is whether, assuming defendants' counsel in the unlawful detainer action is found to have acted unlawfully, that wrongful conduct can be imputed to defendants. We conclude the trial court erred in ruling in plaintiff's favor on this issue. We shall therefore issue the writ.

The material facts are not in dispute. Plaintiff leased an apartment from defendants. Plaintiff's fiance was also a tenant, and both of them signed a month to month lease agreement. They fell behind in the rent and defendants retained independent counsel to bring an eviction proceeding. Plaintiff and her fiance were both named in the complaint. However, it appears plaintiff was never personally served, nor was she named in the order to vacate the premises, writ of possession, or instructions to the marshall who executed the writ. Nonetheless, the marshal evicted both plaintiff and her fiance, who had been named in the writ of possession. This was done pursuant to a policy which allegedly prevailed at the time whereby all occupants of a residence were removed under a writ of possession, regardless of whether they were actually named in the documents. The Supreme Court has since held such a practice to be illegal. (*Arrieta* v. *Mahon* (1982) 31 Cal.3d 381 [182 Cal.Rptr. 770, 644 P.2d 1249].) Relying on *Arrieta,* plaintiff brought this action for damages.

The only issue before us is whether the superior court was correct in ruling that defendants may be held vicariously liable for torts committed by their attorney. Defendants argue that attorneys are independent contractors, and in the absence of some special policy or exception to the general rule of nonliability for the acts of an independent contractor, a client is not liable for torts committed by an attorney in the course of litigation. There is no showing here of ratification or any other act by defendants endorsing or approving the attorney's actions.

The question before us was resolved, albeit in a somewhat different factual context, in *Merritt* v. *Reserve Ins. Co.* (1973) 34 Cal.App.3d 858 [110 Cal.Rptr. 511]. In that case, the plaintiff attempted to state a cause of action against his assignor's own insurance carrier on the theory the alleged malpractice of an independent trial attorney, retained by the insurer to represent

the assignor against a third party claim, could be imputed to the insurance company. In affirming the order granting judgment on the pleadings, the *Merritt* court held: "We do not accept the claim that vicarious liability falls on one who retains independent trial counsel to conduct litigation on behalf of a third party when retained counsel have conducted the litigation negligently. *(Estate of Barbikas* [(1959)] 171 Cal.App.2d 452, 459 [341 P.2d 32].) ▮ In our view independent counsel retained to conduct litigation in the courts act in the capacity of independent contractors, responsible for the results of their conduct and not subject to the control and direction of their employer over the details and manner of their performance . . . Absent compelling reasons of public policy *(Van Arsdale* v. *Hollinger* [(1968)] 68 Cal.2d 245 [66 Cal.Rptr. 20, 437 P.2d 508]; *Maloney* v. *Rath* [(1968)] 69 Cal.2d 442 [71 Cal.Rptr. 897, 445 P.2d 513, 40 A.L.R.3d 1]) an employer is not liable for the negligence of an independent contractor. *(Williams* v. *Fairhaven Cemetery Assn.* [(1959)] 52 Cal.2d 135 [338 P.2d 392]; 2 Witkin, Summary of Cal. Law (7th ed. 1960) Torts, § 310, p. 1506 (1969 Supp.) p. 698; Rest.2d Torts, § 409.) An attorney may act as an employee for his employer in carrying out nonlegal functions *(Casselman* v. *Hartford A. and I. Co.* [(1940)] 36 Cal.App.2d 700 [98 P.2d 539]); he may be the agent of his employer for business transactions *(Tomerlin* v. *Canadian Indemnity Co.* [(1964)] 61 Cal.2d 638, 643 [39 Cal.Rptr. 731, 394 P.2d 571]), or for imputed knowledge *(Kelley* v. *British Coml. Ins. Co.* [(1963)] 221 Cal.App.2d 554, 560-561 [34 Cal.Rptr. 564]); but in his role as trial counsel, he is an independent contractor. *(Otten* v. *San Francisco Hotel etc. Assn.* [(1946)] 74 Cal.App.2d 341, 343 [168 P.2d 739]; *Associated Indem. Co.* v. *Ind. Acc. Com.* [(1943)] 56 Cal.App.2d 804, 807-808, 810 [133 P.2d 698]; 1 Witkin, Cal. Procedure (2d ed. 1970) Attorneys, § 24, p. 33; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Agency and Employment, § 20, p. 655; Rest. 2d Agency, § 1, com. *e*; *Estate of Barbikas,* 171 Cal.App.2d 452, 459 [341 P.2d 32].)" (34 Cal.App.3d at p. 880-881.)

▮ Plaintiff takes the position that the general rule of immunity from imputed liability for the acts of an independent contractor does not apply here because attorneys may in certain regards act as the "agent" of the client, and a principal may be held bound by the acts of his agent. However, this point was dealt with in *Merritt, supra,* where the court pointed out that while an attorney may be the client's agent in a business sense, with the authority to make binding commitments or agreements, "in his role as trial counsel, he is an independent contractor." (P. 881.)

Plaintiff also attempts to distinguish *Merritt* on the grounds that in that case there was a different relationship among the parties and the attorney than is present here. In *Merritt,* as noted above, the plaintiff attempted to impose liability on his assignor's insurer for the acts of an attorney retained

by the insurer to represent its insured, the assignor. Here, in contrast, plaintiff seeks damages for the tortious acts of the attorney who represented defendants. However, this distinction is immaterial because it does not affect the attorney's status as independent contractor and therefore does not diminish the authority of *Merritt* in the present context.

■ Defendants also raise two other points but they are not properly before us in this proceeding. In opposition to the motion for summary adjudication, defendants argued they cannot be held vicariously liable for the unlawful actions of the marshal who performed the eviction, and that as a matter of law plaintiff cannot establish the elements of an emotional distress action. These contentions are renewed in defendants' petition to this court. However, the only ruling of the superior court properly before us is the one summarily adjudicating defendants' liability for the tortious acts of their attorney.

We previously notified the parties that we were considering granting a writ of mandate without first issuing an alternative writ, and gave respondent and real party in interest an opportunity to submit opposition. Having done so, and having considered the points and authorities filed by real party in interest, we may issue a peremptory writ in the first instance. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.)

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order granting summary adjudication on the issue of defendants' imputed liability for the acts of their attorney. In all other respects the petition is denied.

Regan, J., and Sims, J., concurred.

A petition for a rehearing was denied May 21, 1986, and the petition of real party in interest for review by the Supreme Court was denied July 16, 1986.