[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO CITE IN ADDITIONAL DEFENDANTS
Should defendants in a collection action be permitted to cite in the plaintiff's attorneys in order to assert against them a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692
et seq.? This court concludes that the defendants should not.
The plaintiff brought a "small claims" action in superior court seeking damages for medical services it allegedly rendered. The defendants successfully moved to transfer the action to the regular docket of the superior court. Thereafter the defendants filed an answer, a special defense of payment, and "set offs and counterclaims." The first count of the set offs and counterclaims alleges that the plaintiff's attorneys or those attorneys' agents or employees committed acts concerning the defendants' alleged debt which violate the Fair Debt Collection Practices Act,15 U.S.C. § 1692 et seq. Since those attorneys are not now parties to this action, the defendants have moved to cite in those attorneys as additional defendants, pursuant to Practice Book 102 and General Statutes 52-110.
Not surprisingly the plaintiff opposes the defendants' motion. The plaintiff argues that "citing in . . . the attorney for the [p]laintiff would unduly confuse and complicate the issues that are to be proven and adjudicated upon." Moreover, the plaintiff claims that "the citing in of the [p]laintiff's attorneys will greatly prejudice the [p]laintiff because if allowed the [p]laintiff would have to engage additional counsel to represent it on the underlying collection action thus causing it undue delay and extensive cost for the otherwise routine lawsuit to recover payment for medical services." The court agrees.
Practice Book 102 provides: "When a counterclaim raises questions affecting the interests of third parties, the defendant may, and if required by the court shall, cause such parties to be summoned in as parties to such suit." General Statutes 52-110 is virtually identical.
However, the first count of the defendants' pleading, on which this motion to cite in is predicated, is not a counterclaim. CT Page 4388 This is so despite its subheading "set offs and counterclaims" since "the label adds nothing." Caporale v. C. W. Blakeslee 
Sons, Inc., 149 Conn. 79, 86 (1961). A counterclaim "has been defined as `a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows recovery by the defendant. 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1982 Sup.) 1296." Home Oil Co. v. Todd, 195 Conn. 333, 341 (1985). The first count of the defendants' pleading is directed against plaintiff's attorneys. Although that count alleges that those attorneys were "acting within the normal scope of" their agency and employment with the plaintiff, liability against the plaintiff is not properly pleaded in the first count for two reasons. Firstly, the Fair Debt Collection Practices Act imposes liability against a "debt collector." With certain exceptions not relevant here, "[t]he term `debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). Therefore, a creditor is generally not a "debt collector" under the Act and does not incur liability thereunder. Kizer v. Finance America Credit Corp., 454 F. Sup. 937, 939 (N.D. Miss. 1978). Secondly, even if liability could be imposed on a creditor-client contrary to the presumed intent of the Congress, the defendants' pleading is insufficient to assert such extraordinary liability on a client for such an alleged statutory tort of its lawyers. 7A C.J.C., Attorney Client, 190; see Wyatt v. Wehmueller, 806 P.2d 870
(Ariz. 1991); Denopolis v. Peoples Nat. Bank of Washington,796 P.2d 426 (Wash.App. 1990); Palmer v. Ted Stevens Honda, Inc.,193 Cal.App.3d 530, 238 Cal.Rptr. 363 (1987); Considine Co. Inc. v. Shudle, Hunt Hager, 187 Cal.App.3d 760, 232 Cal.Rptr. 250
(1986); Fite v. Lee, 11 Wash. App. 21, 521 P.2d 964, 969-970
(1974); Plant v. Trust Co. of Columbus, 168 Ga. App. 909,310 S.E.2d 745 (1983); In re Smith's Estate, 148 Misc. 585, 586,266 N.Y.S. 666 (1933), affirmed, 246 App.Div. 563, 282 N.Y.S. 845
(1935); Graham v. Reno, 5 Colo. App. 330, 38 P. 835 (1984); Monroe v. Weston Lumber Co., 50 La. Ann. 142, 235a 247 (1898).
Because the first count of defendants' pleading fails to properly assert a claim against the plaintiff it also is not a setoff. "`The law of setoff is governed by General Statutes 52-139. The relevant portion of that provides: "(a) In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other." (Emphasis by the Appellate Court.) A condition precedent to the application of 52-139 is that the defendant's claim arise from a debt due by the plaintiff. See CT Page 4389 Savings Bank of New London v. Santaniello, 130 Conn. 206, 211,33 A.2d 126 (1943). It is the defendant's burden to demonstrate its right to a settoff by affirmatively and adequately alleging such a claim in the pleadings. Practice Book 168; Peters Production, Inc. v. Dawson, 182 Conn. 516, 518, 438 A.2d 747 (1980). Petti v. Balance Rock Associates, 12 Conn. App. 353, 361, 530 A.2d 1083
(1987)." Ellis v. Rogers, 15 Conn. App. 362, 365 (1988). Firstly, plaintiff's claim and defendants' claim are clearly not "mutual debts." "Mutual debts, coming within the statute just mentioned have been defined as `cross debts in the same capacity and right and of the same kind and quality.' Lippett v. Thames Loan Trust Co., 88 Conn. 185, 199, 90 A. 369." Shippee v. Pallotti, Andretta Co., Inc., 114 Conn. 560, 564 (1932). Secondly, defendants' claim is not properly asserted against the plaintiff but against plaintiff's attorneys and for that reason is not a setoff. Cf. Miller v. Bellamore Armored Car Equipment Co., 86 Conn. 548, 549 (1913) (in suit by trustee, defendant cannot set off or counterclaim a debt due to him from the plaintiff personally).
The first count of defendants' pleading is also improper as a counterclaim because it does not "arise out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." Practice Book 116. "`The "transaction test" is one of practicality. . . .'" Walingford v. Glen Valley Associates, 190 Conn. 158, 161 (1983). The Supreme Court has "previously pointed out that the underlying purposes of Practice Book 116 are `"judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action. . . ."' Wallingford v. Glen Valley Associates, [supra] . . ., quoting Jackson v. Conland, 171 Conn. 161,167, 368 A.2d 3 (1976)." Conservation Commission v. Price,193 Conn. 414, 433 (1984). In no way, however, can the defendants' claim under the Fair Debt Collection Practices Act be considered as arising out of the transaction which is the subject of plaintiff's complaint — the rendition of hospital services for which payment is due. Compare Hebrew Home and Hospital, Inc. v. Rabinowitz, 11 Conn. L. Trib. No. 11, p. 10 (1984) (counterclaim for negligence permitted to stand against a suit for payment of a hospital bill).
Since the first count of defendants' pleading is not a proper counterclaim, the predicate for citing in additional parties pursuant to Practice Book 102 and General Statutes 52-110
is not present. Even if the defendants' pleading were not severally flawed, the court would nonetheless deny the motion. The granting of the motion, indeed as the plaintiff claims, would require it to retain new counsel, resulting in a delay of these proceedings and additional expense to the plaintiff. "A dual trust is imposed on attorneys at law. They must act with fidelity CT Page 4390 both to the courts and to their clients. They are bound by canons of ethics which are enforced by the courts. The relation of an attorney to his client is pre-eminently confidential. It demands on the part of the attorney undivided allegiance, a conspicuous degree of faithfulness and disinterestedness, absolute integrity and utter renunciation of every personal advantage conflicting in any way directly or indirectly with the interests of his client." State Bar Assn. v. Connecticut Bank Trust Co., 145 Conn. 222, 234
(1958). These commitments generally are incompatible with an attorney or law firm being a party to litigation and counsel to another party in the same litigation. Cf. Phillips v. Warden,220 Conn. 112, 595 A.2d 1356 (1991). While the client may be permitted to waive such a conflict of interest, or potential conflict of interest; Achison v. White, 195 Conn. 211, 214 n. 5 — 215 (1985); the defendants will not be permitted to visit such a dilemma on the plaintiff.
The defendants' "Motion to cite in additional defendants on the counterclaim" [sic] is denied.
LEVIN, J.