PER CURIAM.
This is an appeal by the defendant Aetna Casualty & Surety Company [Aetna], a primary general liability insurance carrier, from an adverse final summary judgment finding it vicariously liable for the negligence of the attorney it selected to defend its insured *306 [when the attorney failed to raise a meritorious statute of limitations defense in a personal injury suit] — so that the plaintiff Protective National Insurance Company of Omaha, an excess general liability insurance carrier, was entitled in an equitable subrogation action to recover the monies it extended in partially paying off the $1,800,000 judgment which was eventually entered against the insured.
The central question presented for review is whether an insurance company is vicariously hable to its insured — and therefore to one equitably subrogated to the insured’s cause of action, as here — for the negligent failure of the attorney [whom the insurance company selects] to raise a meritorious statute of limitations defense in a personal injury suit against the insured. The plaintiff Protective argues that the insurance company is vicariously liable for such legal malpractice because it is contractually bound under the insurance policy to provide a competent attorney to represent the insured. The defendant Aetna argues that it is contractually bound to provide a qualified and competent attorney for the insured, but is not thereafter vicariously responsible for any acts of professional negligence committed by the attorney in handling the case because an attorney is an independent contractor who delivers legal services to his/her client over which the insurance company has no control. We agree with the defendant Aetna and reverse.
There are no Florida cases directly on point and admittedly the cases in other jurisdictions have split on this difficult issue.[1] We are, however, persuaded by the reasoning of those cases which have held that an insurance company is not vicariously liable for the malpractice of the attorney it selects to defend the insured. In Merritt v. Reserve Insurance Co., 34 Cal.App.3d 858, 110 Cal.Rptr. 511 (Ct.App.1973), one of the leading cases on this subject, a California intermediate appellate court reached this result based on the following reasoning:
“We do not accept the claim that vicarious liability falls on one who retains independent trial counsel to conduct litigation on behalf of a third party when retained counsel have conducted the litigation negligently. In our view independent counsel retained to conduct litigation in the courts act in the capacity of independent contractors, responsible for the results of their conduct and not subject to the control and direction of their employer over the details and manner of their performance. By its very nature the duty assumed by [the insurer] to defend its assured against suits must necessarily be classified as a delega-ble duty, understood by all parties as such, for [the insurer] had no authority to perform that duty itself and, in fact, was prohibited from appearing in the California courts. Since a carrier is not authorized to practice law, it must rely on independent counsel for the conduct of the litigation. We reject the suggestion that the carrier assumed by contract a nondelegable duty to present an adequate defense. An attorney may act as an employee for his employer in carrying out nonlegal functions; he may be the agent of his employer for business transactions, or for imputed knowledge; but in his role as trial counsel, he is an independent contractor.
... Having chosen competent independent counsel to represent the insured in litigation, the carrier may rely upon trial counsel to conduct the litigation, and the carrier does not become liable for trial counsel’s legal malpractice. If trial counsel negligently conducts the litigation, the remedy for this negligence is found in an action against counsel for malpractice and not in a suit against counsel’s employer to impose vicarious liability.”
*307 34 Cal.App.3d at 880-82, 110 Cal.Rptr. at 526-27 (citations omitted). Moreover, the court divided the duties between the insurer and counsel as follows:
“[The insurer] assumed three principal duties in relation to the assured: (1) to make immediate inquiry into the facts of any serious accident as soon as practicable after its occurrence; (2) on the filing of suit against its assured to employ competent counsel to represent the assured and to provide counsel with adequate funds to conduct the defense of the suit; (3) to keep abreast of the progress and status of the litigation in order that it may act intelligently and in good faith on settlement offers. The conduct of the actual litigation, including the amount and extent of discovery, the interrogation, evaluation, and selection of witnesses, the employment of experts, and the presentation of the defense in court, remains the responsibility of trial counsel, and this is true both on plaintiffs side and on defendant’s side of the case.”
34 Cal.App.3d at 882, 110 Cal.Rptr. at 527.
In Brown v. Lumbermens Mutual Casualty Co., 90 N.C.App. 464, 369 S.E.2d 367 (1988), aff'd, 326 N.C. 387, 390 S.E.2d 150 (1990), a North Carolina intermediate appellate court reached the same result and stated:
“The right to control the details of a person’s work is primarily characteristic of an agency relationship rather than of that relationship between an employer and independent contractor:
‘Agency has been defined by this Court as the relationship which arises from “the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.” Furthermore, “a principal’s vicarious liability for the torts of his agent depends on the degree of control retained by the principal over the details of the work as it is being performed. The controlling principle is that vicarious liability arises from the right of supervision and control.”’
While [the insurer] selected [the attorney] to defend [the insureds] and controlled the ultimate decision to settle or defend under the policy, there is nothing in the record to indicate [the insurer] had any control over the details of the litigation as it was being conducted by [the attorney].”
90 N.C.App. at 471, 369 S.E.2d at 371 (citations omitted).
In Feliberty v. Damon, 72 N.Y.2d 112, 531 N.Y.S.2d 778, 527 N.E.2d 261 (1988), the New York Court of Appeals reached the same result and stated:
“We begin with the basic proposition that liability in negligence is normally premised on a defendant’s own fault, not the wrongdoing of another person. The doctrine of vicarious liability, which imputes liability to a defendant for another person’s fault, rests in part on the theory that — because of an opportunity for control of the wrongdoer, or simply as a matter of public policy loss distribution — certain relationships may give rise to a duty of care, the breach of which can indeed be viewed as the defendant’s own fault.
It was early postulated that a master had the ability, and the obligation, to control its servant, and would be liable for torts committed by the servant in the course of employment. The common-law distinction between ‘servants’ and ‘independent contractors,’ whose wrongdoing generally gave rise to no liability on the part of those who hired them, is comparatively recent. The reason most commonly advanced for the distinction is that an employer cannot control the manner in which work is performed by an independent contractor as it can the work of a servant; in these circumstances, the contractor itself is properly chargeable with preventing, bearing and distributing the attendant risks. The principle that an employer is not liable for the acts of independent contractors remains the general rule today, albeit with growing public policy exceptions; the Restatement lists approximately 20 exceptions to the rule.”
531 N.Y.S.2d at 780-82, 527 N.E.2d at 263-64 (citations omitted). The court examined the *308 nondelegable duty exception, but declined to apply it to the insurer/attorney situation:
“Plaintiff urges that the insurance company’s contractual duty to defend him was a nondelegable duty, thus bringing his claim within an exception to the general rule of nonliability. A nondelegable duty has been described as one that the employer is not free to delegate to a contractor and ‘requires the person upon whom it is imposed to answer for it that care is exercised by anyone, even though he be an independent contractor, to whom the performance of the duty is entrusted.’ In large part, whether a duty — or, perhaps more accurately, whether liability — is ‘non-delegable’ turns on policy considerations. A duty is nondelegable when ‘the responsibility is so important to the community that the employer should not be permitted to transfer it to another.’
[[Image here]]
We have not previously recognized an insurer’s obligation to defend its insured in the conduct of a litigation as a ‘nondelega-ble duty,’ and we decline to do so in this case.”
531 N.Y.S.2d at 781, 527 N.E.2d at 264 (citations omitted). Finally, after examining the differing views reflected in the eases, the court cites the following reasons for finding the no vicarious liability view more persuasive:
“First, the duty to defend an insured is by its very nature delegable, as all the parties must know from the outset, for in New York — as in California — an insurance company is in fact prohibited from the practice of law. Accordingly, the insurer necessarily must rely on independent counsel to conduct the litigation. Second, the paramount interest independent counsel represents is that of the insured, not the insurer. The insurer is precluded from interference with counsel’s independent professional judgments in the conduct of the litigation on behalf of its client. Vicarious liability thus produces an untenable situation here: on the one hand an insurer is prohibited from itself conducting the litigation or controlling the decisions of the insured’s lawyer, yet on the other hand it is charged with responsibility for the lawyer’s day-to-day independent professional judgments in the ‘nuts and bolts’ of representing its client. Finally, in determining whether a new exception should be recognized, we note that an insured is not otherwise left without a remedy for a law firm’s claimed incompetence, and a law firm is not insulated from liability for wrongdoing; indeed, in the case before us, plaintiff has sought full recovery for his damages in a legal malpractice claim against the firm.”
531 N.Y.S.2d at 782, 527 N.E.2d at 265 (citations omitted).
The final summary judgment under review is reversed solely as to (1) the $396,130.00 [plus prejudgment and post-judgment interest], awarded to the plaintiff Protective on count II of the complaint, and (2) the post-judgment interest awarded on the prejudgment interest awarded on count V of the complaint; in' other respects the final summary judgment under review is affirmed. The cause is, accordingly, remanded to the trial court with directions (1) to enter summary judgment for the defendant Aetna on count II of the complaint, (2) to conduct further proceedings on the now-revived counts I, III, IV, and VI of the complaint, and (3) when final judgment is ultimately entered in the case, to refrain from awarding post-judgment interest on the prejudgment interest awarded on count V of the complaint.
Reversed and remanded.

. For cases finding the insurance company vicariously liable to the insured for the malpractice of the attorney selected by the insurance company to represent the insured, see Boyd Bros. Transp. Co. v. Fireman's Fund Ins. Co., 729 F.2d 1407, 1409-11 (11th Cir.1984); Blakely v. American Employers’ Ins. Co., 424 F.2d 728, 733-34 (5th Cir.1970); National Farmers Union Property & Casualty Co. v. O'Daniel, 329 F.2d 60, 65-66 (9th Cir.1964); Smoot v. State Farm Mut. Auto. Ins. Co., 299 F.2d 525, 530 (5th Cir.1962); Pacific Employers Ins. Co. v. P.B. Hoidale Co., 789 F.Supp. 1117, 1122-23 (D.Kan.1992); Stumpf v. Continental Casualty Co., 794 P.2d 1228, 1231-32 (Or.Ct.App.1990); Continental Ins. Co. v. Bayless & Roberts, Inc., 608 P.2d 281 (Alaska 1980).