*In re* MARRIAGE OF PAUL C. MARR, Petitioner-Appellant, and MARY P. MARR, Respondent-Appellee.

First District (4th Division)   No. 1—92—2959

Opinion filed June 30, 1994.—Rehearing denied July 29, 1994.

Michael T. Tristano, of Family Law Associates, Ltd., of Chicago, for appellant.

Philip S. Aimen, P.C., of Winnetka (Philip S. Aimen, of counsel), and Roger F. Maritote, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Petitioner, Paul C. Marr, filed this action in the circuit court of Cook County seeking to partition property he owned in joint tenancy with his ex-wife, respondent, Mary P. Marr. After several hearings, the trial court held that petitioner had no interest in the property since he abandoned the property and respondent expended funds in excess of more than half the value of the property in paying the mortgage, taxes, insurance, and maintenance in his absence. Petitioner appeals, alleging that the trial court (1) incorrectly calculated and reimbursed respondent for her expenses in maintaining the property, and (2) erred in denying his request for attorney fees.

We affirm.

Petitioner and respondent were married on September 2, 1964. During the marriage, the parties acquired certain property, including a marital home át 8242 South Nashville Street in Burbank, Illinois (hereinafter the property). On October 11, 1977, the trial court dissolved the marriage between the parties but reserved questions concerning the parties' property rights for a later hearing. Thereafter, petitioner left Illinois and resided in Florida, and later in Nevada. Respondent continued to live in the property with the parties' four children and paid all expenses relating thereto, including the mortgage, taxes, and maintenance.

Approximately 11 years later, on May 24, 1988, petitioner filed an amended complaint for partition or, in the alternative, seeking to have the property sold and the proceeds divided between the parties. Respondent filed a separate action in the trial court seeking specific performance of a marital settlement agreement between the parties allegedly entered into during the divorce proceedings. The trial court consolidated respondent's action with the partition action.

In her answer to the complaint for partition, respondent alleged that during the dissolution of marriage proceedings on October 20, 1977, petitioner orally agreed to convey the property to her in exchange for her waiver of maintenance and other marital rights. Petitioner denied the existence of such an agreement. At a hearing on July 5, 1991, the trial court found that there had been no agreement to convey the property, but even if such an agreement did exist, it was superseded by a subsequent written order of the trial court entered November 23, 1977, which made no reference to the alleged settlement agreement. The trial court also ordered that the property be partitioned, appointed a commissioner to appraise the property, and ordered the parties to submit an accounting of their contributions to the property.

On September 23, 1991, the commissioner submitted a report to the trial court indicating that the property, which was valued at $55,000, was not susceptible to partition. On January 30, 1992, respondent filed an amended accounting in which she itemized her expenditures for the property from 1976 through 1991. In her accounting, respondent claimed she expended $32,851.88 in mortgage payments, taxes, insurance and improvements to the property from 1976 through 1991. Petitioner filed no accounting.

On March 12, 1992, the trial court held an evidentiary hearing concerning respondent's contributions. Following the hearing, the trial court held that petitioner had abandoned the property prior to 1977, and that respondent had expended $29,265.84 in maintaining the property as follows: $16,560 for mortgage payments, $6,890.52 for real estate taxes, $915.32 for insurance, and $4,900 for maintenance and improvements. The trial court further held that since respondent had expended funds in excess of more than half the value of the property, petitioner had no equity in the property. Respondent was adjudged the sole owner of the property and the trial court ordered petitioner to execute a deed conveying all of his interest in property to respondent. The trial court later denied petitioner's motion for reconsideration. Petitioner later filed this appeal.

■ Initially, petitioner claims that the trial court improperly determined that respondent was entitled to a reimbursement of $4,900 for her improvements and maintenance to the property. In partition actions, the proper measure of reimbursement for improvements made to the property by one tenant without the knowledge and consent of the other is the increase in value of the property due to the improvement. (*Capogreco v. Capogreco* (1978), 61 Ill. App. 3d 512, 514.) The increased value of the property must be established by presenting proper evidence to the trier of fact. *Capogreco*, 61 Ill. App. 3d at 514.

■ In the present case, neither party presented any evidence of the property's increased value as a result of the improvements made by respondent. Without this evidence, the trial court could not properly determine the amount respondent was entitled to be reimbursed for the improvements she made. Hence, we agree with petitioner that the trial court erroneously determined that respondent was entitled to $4,900 for the improvements. Even so, we decline to disturb the trial court's findings that petitioner had no interest in the property because the trial court erred in disregarding the marital settlement agreement between the parties.

In response to petitioner's complaint for partition, respondent alleged that the parties entered into a marital settlement agreement in which petitioner agreed to quitclaim his interest in the property. At

the October 20, 1977, hearing in the parties' dissolution of marriage proceedings, the following exchange occurred:

"[Petitioner's counsel]: If the Court please, there has been an agreement between the parties that Mr. Marr will agree to quit claim his interest in and to the family resident [sic] located where the wife is presently residing to the wife.

* * *

THE COURT: And there will be no further interests in this property, nor, rights to maintenance?

[Respondent's counsel]: We ask that maintenance be barred on both sides,.your Honor, and child support will remain the same at two hundred dollars per month payable to the Department of Public Aid.

[Petitioner's counsel]: And each party is to pay their [sic] own attorney's fees.

THE COURT: This is written into the record as an agreement between the parties."

Despite this evidence, the trial court in the partition action concluded that the settlement agreement was nullified because the subsequent written court order made no reference to it.

Generally, a client is bound by the acts or omissions of his attorney within the scope of the attorney's authority. (*In re Estate of Maslowski* (1990), 204 Ill. App. 379, 383.) In the absence of affirmative evidence to the contrary, an attorney of record is presumed to have authority to settle a case in open court. (*Szymkowski v. Szymkowski* (1982), 104 Ill. App. 3d 630, 633.) Moreover, where a party is present in court and permits his attorney to act on his behalf, the party may not subsequently deny his attorney's apparent authority. *Szymkowski*, 104 Ill. App. at 633.

In the present case, the transcript from the October 20, 1977, proceedings reveals that petitioner was present in court when his attorney entered into the marital settlement agreement on his behalf. Petitioner did not object to the agreement, nor did he subsequently take any steps to vitiate his assent to the agreement. Hence, petitioner was estopped from denying the existence of the marital settlement agreement, which was accepted by the trial court and written into the record. The fact that the agreement was not subsequently reduced to writing did not affect its binding effect on the parties. (See *In re Marriage of Lorton* (1990), 203 Ill. App. 3d 823; see also *Kalman v. Bertacchi* (1978), 57 Ill. App. 3d 542.) Consequently, we hold that the trial court erroneously determined that the settlement agreement was voided by the subsequent written court order.

■ Furthermore, we find no abuse of discretion in the trial court's denial of petitioner's request for attorney fees. In partition actions, attorney fees may be awarded where the complaint properly sets forth the rights and interests of all parties in interest, unless the defendant proffers a substantial defense in good faith. (Ill. Rev. Stat. 1991, ch. 110, par. 17—125; see also *Bailey v. Bailey* (1986), 150 Ill. App. 3d 81.) Here, petitioner could not properly set forth any interest in the property, given the marital settlement agreement in which he agreed to quitclaim his interest to respondent. Consequently, we believe respondent interposed a substantial defense to the partition complaint and, therefore, petitioner's request for attorney fees was properly denied.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

CAHILL and THEIS, JJ., concur.