TEM HORWITZ *et al.*, Plaintiffs-Appellants, v. HOLABIRD AND ROOT *et al.*, Defendants-Appellees (Sabo and Zahn, Defendant).

First District (4th Division)   No. 1—99—1377

Opinion filed February 24, 2000.—Rehearing denied March 28, 2000.

HOFFMAN, P.J., dissenting.

Laurie A. Silvestri, of Chicago, for appellants.

Steven M. Tefft, of David A. Izzo & Associates, of Chicago, for appellees.

JUSTICE SOUTH delivered the opinion of the court:

Plaintiffs, Tem Horwitz and Horwitz Matthews, Inc., brought action against defendant Sabo & Zahn, a law firm (not a part of this appeal), and its clients, defendants Holabird & Root, Jeffrey Case, Gerald Horn, and James W. Baird (Holabird & Root defendants), to recover damages occasioned by defendants' tortious interference with plaintiffs' business relationships. The court granted the motion for summary judgment for the Holabird & Root defendants ruling that they are not liable under an agency theory of law for the actions of their attorneys. Plaintiffs appeal.

Plaintiff Horwitz Matthews, Inc., is an Illinois corporation. An integral part of its business is procuring investors with whom it forms limited partnerships for the purpose of developing real estate. Tem Horwitz is Horwitz Matthews' president.

The Holabird & Root defendants retained the law firm of Sabo & Zahn to collect a debt incurred by Horowitz Matthews for architectural services. Holabird & Root, through its partners, defendants Gerald Horn, James Baird, and Jeffrey Case, initiated contact with attorney James Zahn. Zahn was once an architect with Holabird & Root. Sabo & Zahn and Holabird & Root entered into a written agreement for representation which specified a one-third contingency fee to be paid to the law firm without any other directions.

Sabo & Zahn filed suit and obtained a judgment in the name of Holabird & Root against Horwitz Matthews, the corporate entity only. Sabo & Zahn made Holabird & Root aware of the judgment and kept it aware of the progress of the case.

Sabo & Zahn filed and served a citation to discover assets upon Tem Horwitz for Horwitz Matthews. Mr. Horwitz answered questions at the citation as a corporate representative. Horwitz Matthews

produced business and financial records in response to the citation. In the process, Sabo & Zahn learned the identity of the business associates and investors of Horwitz Matthews. In response to the citation, Horwitz Matthews also provided Sabo & Zahn with tax returns for third parties, limited partners in the limited partnerships, which Sabo & Zahn agreed to keep confidential and not disclose to parties other than Sabo & Zahn and its accountant.

Sabo & Zahn contacted at least 40 of these business associates and investors in such partnerships by letter in May 1997. The letters stated that Horwitz Matthews had apportioned to itself more of the business loss from the partnership than it was entitled to on its tax returns. The letters were written on Sabo & Zahn's legal stationery and stated, "we represent Holabird & Root who have a judgment against Horwitz Matthews." In each letter, Sabo & Zahn further stated that Horwitz Matthews had reported partnership losses to the Internal Revenue Service in an amount greater than that to which it was entitled and that Tem Horwitz, individually, reported no loss. The letters also stated that the partnership's tax filing showed that the investor's share of the loss was underreported and that he or she "may wish to consult a tax advisor about any possible tax ramifications of these potential changes." Attached to each letter was a copy of the tax return for that partner along with one for Tem Horwitz and Horwitz Matthews.

Sabo & Zahn indicated that it generally notified Holabird & Root of the contents of the letter but that it did not recall showing each letter to it. The law firm did not recall whether it showed Holabird & Root a copy of the letter prior to its transmission, but Holabird & Root may have been shown one or two sample letters. Defendant Jeffrey Case, a general partner of Holabird & Root, stated in his amended answers to interrogatories that there were no discussions concerning the letters prior to their publication and distribution. Holabird & Root does not know who reviewed the letter prior to its transmission. Defendant James Baird, another general partner of Holabird & Root, recalls being shown a stack of these letters, about a month after the letters had been sent, at a meeting with his partners present wherein the law firm discussed its collection efforts on behalf of Holabird & Root. The letters were meant to benefit Holabird & Root as well as the law firm. Sabo & Zahn believed that it was acting within the scope of its authority when it published the letters.

The trial court dismissed counts I through IV against all defendants for defamation. Count V seeks relief against Sabo & Zahn. Count VI seeks relief for tortious interference with business relationships against Holabird & Root as principals who acted by and through its

attorneys Sabo & Zahn. The lower court granted Holabird & Root's motion for summary judgment and ruled as a matter of law that it could not be liable for its attorney's actions. This court has jurisdiction under Supreme Court Rule 304(a). 155 Ill. 2d R. 304(a).

Plaintiffs raise three issues on appeal: (1) whether the attorney/client relationship between defendants is governed by principles of agency law; (2) whether a genuine issue of material fact exists as to whether Sabo & Zahn was acting within the scope of its authority when it sent out the letters at issue for Holabird & Root; and (3) even if Sabo & Zahn initially acted outside its scope of authority, whether the subsequent conduct of Holabird & Root ratified its attorneys' actions.

Summary judgment is appropriate when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Champaign National Bank v. Babcock*, 273 Ill. App. 3d 292, 299, 652 N.E.2d 848, 853 (1995). When ruling on a motion for summary judgment, a trial court must view all evidence in the light most favorable to the nonmovant. *Rotzoll v. Overhead Door Corp.*, 289 Ill. App. 3d 410, 413, 681 N.E.2d 156, 158 (1997). We review *de novo* grants of summary judgment. *Malone v. American Cyanamid Co.*, 271 Ill. App. 3d 843, 845, 649 N.E.2d 493, 495 (1995).

Plaintiffs argue first that the lower court erred in ruling that Holabird & Root could not be held liable for the actions of its attorneys in sending letters to more than 40 of plaintiffs' business associates accusing them of misreporting their taxes. Defendant Holabird & Root respond that since it had no control over and knowledge of its attorney's conduct, it cannot be held liable for its actions.

■ An agency relationship engenders a type of fiduciary affiliation in which the principal has the right to control the conduct of the agent and the agent has the power to act on behalf of the principal. *Letsos v. Century 21-New West Realty*, 285 Ill. App. 3d 1056, 1064, 675 N.E.2d 217, 224 (1996). A client is bound according to ordinary rules of agency by acts or omissions of his attorney within the apparent scope of his authority. *Flight Kitchen, Inc. v. Chicago Seven-Up Bottling Co.*, 22 Ill. App. 3d 558, 562, 317 N.E.2d 663, 667 (1974); *In re Marriage of Marr*, 264 Ill. App. 3d 932, 935, 638 N.E.2d 303, 306 (1994). Under Illinois law, an attorney's errors and misconduct are attributed to his clients; clients are principals, the attorney is an agent, and under the law of agency, the principal is bound by his chosen agent's deeds. *Diersen v. Chicago Car Exchange*, 110 F.3d 481 (7th Cir. 1997).

■ While the Holabird & Root defendants argue that they had no

control over the actions taken by their attorneys, it is clear that Illinois law finds that an agency relationship exists between attorney and client. Generally, an attorney is an agent of the client, even though as to his physical activities he is an independent contractor. *Washington v. Caseyville Health Care Ass'n*, 284 Ill. App. 3d 97, 101, 672 N.E.2d 34, 36 (1996). Attorney, broker, auctioneer and similar persons employed for a single transaction or a series of transactions are "agents," although as to their physical activities they are "independent contractors." *Kouba v. East Joliet Bank*, 135 Ill. App. 3d 264, 267, 481 N.E.2d 325, 328 (1985). The case at bar does not allege any physical activities undertaken by Sabo & Zahn; therefore, it would not be an independent contractor in its relationship with the Holabird & Root defendants. Thus, an agency relationship exists with the Holabird & Root defendants as the principals having the right to control the conduct of their agent, Sabo & Zahn, and Sabo & Zahn as agent, having the power to act on behalf of the Holabird & Root defendants.

■ Plaintiffs next argue that a genuine issue of material fact exists as to whether Sabo & Zahn was acting within the scope of its authority when it sent out the letters.

In opposition to the Holabird & Root defendants' motion for summary judgment, plaintiff cited the discovery depositions of Werner Sabo and James Zahn, who both acknowledged that they were doing what they were hired to do, and the discovery deposition of defendant James W. Baird in which he states that the letters sent by Sabo & Zahn indicated to him that the law firm was pursuing the fee in an "aggressive way" and that the firm was "serving them as their clients." In addition, plaintiffs cited the assertions made in the Holabird & Root defendants' motion for summary judgment in which they affirm that the letters were a discovery tool in litigation. The actual letters at issue also state that Sabo & Zahn represented Holabird & Root. Both Sabo & Zahn and the Holabird & Root defendants agree that the law firm was using the letters as a discovery tool in attempting to collect the judgment that Holabird & Root had against Horwitz Matthews, Inc.

While the Holabird & Root defendants argue they had no notice that these letters were going out and, therefore, no input into whether or not the letters were sent, that appears to be in conflict with the partners' deposition testimonies in which they acknowledge that the firm was doing what it was hired to do in an "aggressive way, serving them as clients." Under Illinois law, it does not matter whether the principals were aware of the contents of the letter, as long as the attorney was acting within the scope of his authority. Thus, we find that there is a material issue of fact as to whether Sabo & Zahn acted

within its scope of authority in sending the letters to the various partners of plaintiffs.

Plaintiffs' final argument is that even if Sabo & Zahn's actions were beyond the scope of its authority, the Holabird & Root defendants' acquiescence render them liable under agency law. The Holabird & Root defendants respond that the elements necessary for ratification under Illinois law are not satisfied by plaintiffs.

Ratification may be express or inferred and occurs where the principal, with knowledge of material facts of the unauthorized transaction by the agent, takes a position inconsistent with nonaffirmation of the transaction. *Hofner v. Glenn Ingram & Co.*, 140 Ill. App. 3d 874, 883, 489 N.E.2d 311, 316 (1985). Ratification of an unauthorized act is equivalent to the original authorization and confirms that which was originally unauthorized. *Jones v. Beker*, 260 Ill. App. 3d 481, 485, 632 N.E.2d 273, 277 (1994).

It is not clear from the record when the Holabird & Root defendants became aware of the letters, and when they did, if they ever disapproved of the letters being mailed or if by their silence and conduct they approved the letters. Whether the Holabird & Root defendants' actions or lack thereof constituted a ratification is a question of fact.

For the foregoing reasons, the judgment of the circuit court granting summary judgment to the Holabird & Root defendants is reversed and this case is remanded for trial.

Reversed and remanded.

HALL, J., concurs.

PRESIDING JUSTICE HOFFMAN, dissenting:

I dissent from the result reached by the majority because I believe that the trial court correctly found that Sabo & Zahn acted outside of the scope of its authority as Holabird & Root's attorney if it committed an intentional tort by sending letters to the business associates and investors of Horwitz Matthews. At the heart of this case, however, is an issue of first impression in Illinois, namely: whether a client can be held vicariously liable for an intentional tort committed by its attorneys while discharging their duties under circumstances where the client did not authorize or direct or have any prior knowledge of the tortious conduct.

There can be no dispute on the proposition that a principal is vicariously liable for the tortious conduct of an agent committed while acting within the scope of his authority. *Gomien v. Wear-Ever*

*Aluminum, Inc.*, 50 Ill. 2d 19, 21, 276 N.E.2d 336 (1971). The majority finds that the attorney/client relationship is one of principal/agent and, based on that finding, seemingly concludes that a client may be held vicariously liable for the intentional torts of its attorney. It supports this conclusion by reference to a number of Illinois cases in which a client was held to be bound by agreements made by his or her attorney acting within the apparent scope of his authority (see *In re Marriage of Marr*, 264 Ill. App. 3d 932, 935, 638 N.E.2d 303 (1994)), cases having nothing to do with an attorney/client relationship (see *Letsos v. Century 21-New West Realty*, 285 Ill. App. 3d 1056, 675 N.E.2d 217 (1996); *Kouba v. East Joliet Bank*, 135 Ill. App. 3d 264, 481 N.E.2d 325 (1985)), and a case in which the tortious conduct of the attorney was committed with the full knowledge and direction of the client (see *Flight Kitchen, Inc. v. Chicago Seven-Up Bottling Co.*, 22 Ill. App. 3d 558, 563, 317 N.E.2d 663 (1974)). Since the facts of this case are so easily distinguishable, I find the cases cited by the majority to be of little or no value in resolving the issue present here.

Courts in other jurisdictions are divided. Like the majority, some jurisdictions favor liability, finding that the attorney/client relationship is one of principal/agent (see *Peterson v. Worthen Bank & Trust Co., N.A.*, 296 Ark. 201, 753 S.W.2d 278 (1988); *Grenwelge v. Shamrock Reconstructors, Inc.*, 705 S.W.2d 693 (Tex. 1986); *Continental Insurance Co. v. Bayless & Roberts, Inc.*, 608 P.2d 281 (Alaska 1980); *Nyer v. Carter*, 367 A.2d 1375 (Me. 1977); *Stumpf v. Continental Casualty Co.*, 102 Or. App. 302, 794 P.2d 1228 (1990); *Southwestern Bell Telephone Co. v. Wilson*, 768 S.W.2d 755 (Tex. App. 1988); *United Farm Bureau Mutual Insurance Co. v. Groen*, 486 N.E.2d 571 (Ind. App. 1985)); others find no liability, holding that an attorney is an independent contractor (see *Baldasarre v. Butler*, 132 N.J. 278, 625 A.2d 458 (1993); *Feliberty v. Damon*, 72 N.Y.2d 112, 527 N.E.2d 261 (1998); *Aetna Casualty & Surety Co. v. Protective National Insurance Co.*, 631 So. 2d 305 (Fla. App. 1993); *Brown v. Lumbermens Mutual Casualty Co.*, 90 N.C. App. 464, 369 S.E.2d 367 (1988), *aff'd*, 326 N.C. 387, 390 S.E.2d 150 (1990); *Plant v. Trust Co.*, 168 Ga. App. 909, 310 S.E.2d 745 (1983); *Lynn v. Superior Court*, 180 Cal. App. 3d 346, 225 Cal. Rptr. 427 (1986); *Merritt v. Reserve Insurance Co.*, 34 Cal. App. 3d 858, 110 Cal. Rptr. 511 (1973)). I favor the reasoning of the latter cases, which hold that attorneys are independent contractors, at least when, as in this case, they are engaged to pursue a claim without further direction.

An independent contractor is one who undertakes to produce a given result, without being controlled by his principal as to the means or methods by which he attains that result. Put another way, an independent contractor represents the will of his principal only as to the

result, not the means by which that result is accomplished. *Alexander v. Industrial Comm'n*, 72 Ill. 2d 444, 449-50, 381 N.E.2d 669 (1978). This definition fits the status of an attorney merely retained to pursue a claim or defense without further direction from the client. Under such circumstances, attorneys are not subject to their client's control in a traditional sense. Rather, they are engaged by clients who, in the main, are totally unfamiliar with the means or methods to be employed in achieving their desired result. Further, attorneys are responsible for their own acts and can be disciplined if they fail to conduct themselves in accordance with the Rules of Professional Conduct.

One who employs an independent contractor is not vicariously liable for the tortious conduct of the contractor, primarily because the employer has no right of control over the manner in which the contractor performs his work. *Hartley v. Red Ball Transit Co.*, 344 Ill. 534, 538-39, 176 N.E. 751 (1931). An exception to this rule exists when the act or omission of the independent contractor that caused harm to a third party was pursuant to the order or direction of the employer. *Gomien*, 50 Ill. 2d at 21. I can conceive of no logical reason to alter this rule when the independent contractor is an attorney.

In this case, there is no evidence that the alleged tortious content of the letters sent to the business associates and investors of Horwitz Matthews was ordered or directed by Holabird & Root, nor do I believe that there is any evidentiary material in the record that creates a genuine issue of fact on the question of whether the Holabird & Root defendants knew of the contents of the letters before they were sent by Sabo & Zahn. Case and Baird, both Holabird & Root partners, denied seeing the letters before they were sent. Their testimony constitutes the only competent evidentiary material of record on the issue since, as the majority points out, the most that Sabo & Zahn is able to say is that no one at the firm can recall whether the letters were shown to anyone at Holabird & Root before they were sent.

If Sabo & Zahn was acting as an independent contractor, as I believe that it was, then the trial court correctly entered summary judgment in favor of the Holabird & Root defendants. However, even if Sabo & Zahn is deemed to be Holabird & Root's agent, I still find summary judgment to be appropriate.

I believe that the general retention of an attorney to do all things necessary to pursue a claim should, as a matter of law, be interpreted as authorizing the attorney only to do all things legal and proper to pursue the claim and should not be construed, without more, as giving the attorney direction or permission to commit a tortious act. Where there is no evidence that the client expressly or impliedly authorized, directed, knew of, or ratified the alleged tortious conduct of its at-

torney, it should not be presumed that, merely because the parties stand in the relationship of attorney/client, the client intended or authorized the tortious conduct or that the conduct was within the scope of the attorney's duties. The undesirable implications of a contrary position seem rather obvious. Clients who in good faith employ an attorney will be exposed to vicarious liability for the attorney's tortious conduct when, as a practical matter, the client is in no position to control the attorney's conduct.

As a final point, the majority suggests that a question of fact exists on the issue of whether Holabird & Root ratified Sabo & Zahn's conduct. I disagree. Ratification of an unauthorized act is equivalent to an original authorization and confirms that which was originally unauthorized. *Illinois Armored Car Corp. v. Industrial Comm'n*, 205 Ill. App. 3d 993, 998, 563 N.E.2d 951 (1990). The rationale behind the doctrine is that the person ratifying obtains a benefit through the actions of someone who is acting in his behalf with apparent authority. *Swader v. Golden Rule Insurance Co.*, 203 Ill. App. 3d 697, 704-05, 561 N.E.2d 99 (1990). Absent a benefit, ratification will not be implied. *Jones v. Beker*, 260 Ill. App. 3d 481, 485, 632 N.E.2d 273 (1994). There is simply nothing in this record that could support an inference that Holabird & Root benefitted in any way by Sabo & Zahn's alleged interference with the business relationships of Horwitz Matthews.