FOURTH DIVISION

February 24, 2000

No. 1-99-1377

TEM HORWITZ, an individual, and ) Appeal from the

HORWITZ MATTHEWS, INC., an ) Circuit Court of

Illinois corporation, ) Cook County.

)

Plaintiffs-Appellants, )

) 

)

) 

HOLABIRD & ROOT, JEFFREY CASE, ) 

GERALD HORN, and JAMES W. BAIRD, ) 

) 

Defendants-Appellees, ) Honorable

) Richard E. Neville,

and ) Judge Presiding.

) 

SABO & ZAHN, )

)

Defendant. )

JUSTICE SOUTH delivered the opinion of the court:

Plaintiffs, Tem Horwitz and Horwitz Matthews, Inc., brought action against defendant Sabo & Zahn, a law firm (not a part of this appeal), and its clients, defendants Holabird & Root, Jeffrey Case, Gerald Horn, and James W. Baird (Holabird & Root defendants), to recover damages occasioned by defendants' tortious interference with plaintiffs' business relationships.  The court granted the motion for summary judgment for the 
Holabird & Root defendants ruling that they are not liable under an agency theory of law for the actions of their attorneys.  Plaintiffs appeal.

Plaintiff Horwitz Matthews, Inc., is an Illinois   corporation.  An integral part of its business is procuring investors with whom it forms limited partnerships for the purpose of developing real estate.  Tem Horwitz is Horwitz Matthews' president.

The Holabird & Root defendants retained the law firm of Sabo & Zahn to collect a debt incurred by Horowitz Matthews for architectural services.  Holabird & Root, through its partners, defendants Gerald Horn, James Baird, and Jeffrey Case, initiated contact with attorney James Zahn.  Zahn was once an architect with Holabird & Root.  Sabo & Zahn and Holabird & Root entered into a written agreement for representation which specified a one-third contingency fee to be paid to the law firm without any other directions.

Sabo & Zahn filed suit and obtained a judgment in the name of Holabird & Root against Horwitz Matthews, the corporate entity only.  Sabo & Zahn made Holabird & Root aware of the judgment, and kept them aware of the progress of the case.

Sabo & Zahn filed and served a citation to discover assets upon Tem Horwitz for Horwitz Matthews.  Mr. Horwitz answered questions at the citation as a corporate representative.  Horwitz Matthews produced business and financial records in response to the citation.  In the process, Sabo & Zahn learned the identity of the business associates and investors of Horwitz Matthews.  In response to the citation, Horwitz Matthews also provided Sabo & Zahn with tax returns for third parties, limited partners in the limited partnerships, which Sabo & Zahn agreed to keep confidential and not disclose to parties other than Sabo & Zahn and its accountant.

Sabo & Zahn contacted at least forty of these business associates and investors in such partnerships by letter in May 1997.  The letters stated that Horwitz Matthews had apportioned to itself more of the business loss from the partnership than it was entitled to on its tax returns.  The letters were written on Sabo & Zahn's legal stationery and stated, "we represent Holabird & Root who have a judgment against Horwitz Matthews."  In each letter, Sabo & Zahn further stated that Horwitz Matthews had reported partnership losses to the Internal Revenue Service in an amount greater than to which it was entitled and that Tem Horwitz, individually, reported no loss.  The letters also stated that the partnership's tax filing showed that the investor's share of the loss was underreported and that he or she "may wish to consult a tax advisor about any possible tax ramifications of these potential changes."  Attached to each letter was a copy of the tax return for that partner along with one for Tem Horwitz and Horwitz Matthews.

Sabo & Zahn, indicated that it generally notified Holabird & Root of the contents of the letter but that it did not recall showing each letter to them.  The law firm did not recall whether it showed Holabird & Root a copy of the letter prior to its transmission, but Holabird & Root may have been shown one or two sample letters.  Defendant Jeffrey Case, a general partner of Holabird & Root, stated in his amended answers to interrogatories that there were no discussions concerning the letters prior to their publication and distribution.  Holabird & Root do not know who reviewed the letter prior to its transmission.  Defendant James Baird, another general partner of Holabird & Root, recalls being shown a stack of these letters about a month after the letters had been sent at a meeting with his partners present wherein the law firm discussed its collection efforts on behalf of Holabird & Root.  The letters were meant to benefit Holabird & Root as well as the law firm.  Sabo & Zahn believed that they were acting within the scope of their authority when they published the letters.

The trial court dismissed counts I through IV against all defendants for defamation.  Count V seeks relief against Sabo & Zahn.  Count VI seeks relief for tortious interference with business relationships against Holabird & Root as principals who acted by and through their attorneys Sabo & Zahn.  The lower court granted Holabird & Root's motion for summary judgment, and ruled as a matter of law that they could not be liable for their attorney's actions. This court has jurisdiction under Supreme Court Rule 304(a).

Plaintiffs raise three issues on appeal: (1) whether the attorney/client relationship between defendants is governed by principles of agency law; (2) whether a genuine issue of material fact exists as to whether Sabo & Zahn was acting within the scope of its authority when it sent out the letters at issue for Holabird & Root; and (3) even if Sabo & Zahn initially acted outside their scope of authority, did the subsequent conduct of Holabird & Root ratify its attorneys' actions.

Summary judgment is appropriate when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  
Champaign National Bank
 
v. Babcock
, 273 Ill. App. 3d 292, 299, 652 N.E.2d 848, 853 (1995).  When ruling on a motion for summary judgment, a trial court must view all evidence in the light most favorable to the nonmovant.  
Rotzoll v. Overhead Door Corp.
, 289 Ill. App. 3d 410, 413, 681 N.E.2d 156, 158 (1997).  We review 
de
 
novo
 grants of summary judgment.  
Malone v. American Cyanamid Co.
, 271 Ill. App. 3d 843, 845, 649 N.E.2d 493, 495 (1995).

Plaintiffs argue first that the lower court erred in ruling that Holabird & Root could not be held liable for the actions of their attorneys in sending letters to more than forty of plaintiffs' business associates accusing them of misreporting their taxes.  Defendants Holabird & Root respond that since they had no control over and knowledge of their attorney's conduct, they cannot be held liable for their actions.

An agency relationship engenders a type of fiduciary affiliation in which the principal has the right to control the conduct of the agent, and the agent has the power to act on behalf of the principal.  
Letsos v. Century 21-New West Realty
, 285 Ill. App. 3d 1056, 1064, 675 N.E.2d 217, 224 (1996).  A client is bound according to ordinary rules of agency by acts or omissions of his attorney within the apparent scope of his authority.  
Flight Kitchen, Inc. v. Chicago Seven-Up Bottling Co.
, 22 Ill. App. 3d 558, 562, 317 N.E.2d 663, 667 (1974); 
In re Marriage of
 
Marr
, 264 Ill. App. 3d 932, 935, 638 N.E.2d 303, 306 (1994).  Under Illinois law, an attorney's errors and misconduct are attributed to his clients; clients are principals, the attorney is an agent, and under the law of agency, the principal is bound by his chosen agent's deeds.  
Diersen v. Chicago Car Exchange
, 110 F.3d 481 (7
th
 Cir. 1997).  

While the Holabird & Root defendants argue that they had no control over the actions taken by their attorneys, it is clear that Illinois law finds that an agency relationship exists between attorney and client.  Generally, an attorney is an agent of the client, even though as to his physical activities he is an independent contractor.  
Washington v. Caseyville Health Care
 
Ass'n, Inc.
, 284 Ill. App. 3d 97, 101, 672 N.E.2d 34, 36 (1996).  Attorney, broker, auctioneer and similar persons employed for a single transaction or a series of transactions are "agents," although as to their physical activities they are "independent contractors."  
Kouba v. East Joliet Bank
, 135 Ill. App. 3d 264, 267, 481 N.E.2d 325, 328 (1985).  The case at bar does not allege any physical activities undertaken by Sabo & Zahn; therefore, they would not be independent contractors in their relationship with the Holabird & Root defendants.  Thus, an agency relationship exists with the Holabird & Root defendants as the principal having the right to control the conduct of their agent, Sabo & Zahn, and Sabo & Zahn as agent, having the power to act on behalf of the Holabird & Root defendants.

Plaintiffs next argue that a genuine issue of material fact exists as to whether Sabo & Zahn was acting within the scope of its authority when it sent out the letters.

In opposition to the Holabird & Root defendants' motion for summary judgment, plaintiff cited the discovery depositions of Werner Sabo and James Zahn who each acknowledged that they were doing what they were hired to do, and the discovery deposition of defendant James W. Baird in which he states that the letters sent by Sabo & Zahn indicated to him that the law firm was pursuing the fee in an "aggressive way" and that the firm was "serving them as their clients."  In addition, plaintiffs cited the assertions made in the Holabird & Root defendants' motion for summary judgment in which they affirm that the letters were a discovery tool in litigation.  The actual letters at issue also state that Sabo & Zahn represented Holabird & Root.  Both Sabo & Zahn and the Holabird & Root defendants agree that the law firm was using the letters as a discovery tool in attempting to collect the judgment which Holabird & Root had against Horwitz Matthews, Inc.

While the Holabird & Root defendants argue they had no notice that these letters were going out and, therefore, no input into whether or not the letters were sent, that appears to be in conflict with the partners' deposition testimonies in which they acknowledge that the firm was doing what it was hired to do in an "aggressive way, serving them as clients."  Under Illinois law, it does not matter whether the principals were aware of the contents of the letter, as long as the attorney was acting within the scope of his authority.  Thus, we find that there is a material issue of fact as to whether Sabo & Zahn acted within their scope of authority in sending the letters to the various partners of plaintiffs.

Plaintiffs' final argument is that even if Sabo & Zahn's actions were beyond the scope of its authority, the Holabird & Root defendants' acquiescence render them liable under agency law.  The Holabird & Root defendants respond that the elements necessary for ratification under Illinois law are not satisfied by plaintiffs.  

Ratification may be express or inferred and occurs where the principal, with knowledge of material facts of the unauthorized transaction by the agent, takes a position inconsistent with nonaffirmation of the transaction.  
Hofner v. Glenn Ingram & Co.
, 140 Ill. App. 3d 874, 883, 489 N.E.2d 311, 316 (1985).  Ratification of an unauthorized act is equivalent to the original authorization and confirms that which was originally unauthorized.  
Jones v. Beker
, 260 Ill. App. 3d 481, 485, 632 N.E.2d 273, 277 (1994).

It is not clear from the record when the Holabird & Root defendants became aware of the letters, and when they did, if they ever disapproved of the letters being mailed or if by their silence and conduct they approved the letters.  Whether the Holabird & Root defendants' actions or lack thereof constituted a ratification is a question of fact.

For the foregoing reasons, the judgment of the circuit court granting summary judgment to the Holabird & Root defendants is reversed and this case is remanded for trial.

Reversed and remanded.

HALL, J., concurs.

HOFFMAN, P.J., dissents.