[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14694
Non-Argument Calendar

_____

D. C. Docket No. 04-80727-CV-ASG

ZURICH AMERICAN INSURANCE COMPANY,
a Foreign corporation,

Plaintiff-Counter-Defendant-Appellee,

versus

FRANKEL ENTERPRISES,
a Foreign corporation,

Defendant-Appellant,

NICHOLAS C. PEDANO, an individual,
MARY B. PEDANO, an individual,

Defendants-Counter-Claimants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 18, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Frankel Enterprises ("Frankel") and Nicholas and Mary Pedano ("Pedanos") appeal from the district court's grant of summary judgment to Zurich American Insurance Company ("Zurich"). Because we find that the district court correctly held that there was no genuine issue of material fact, such that summary judgment was appropriate, we affirm the judgment of the district court.

## I. FACTS

The Pedanos purchased a house from Frankel Enterprises in 1992.[1] The house suffered from roof leaks, and although Frankel attempted to repair the defects, the leaks continued. After the homeowner's association pressure-washed the Pedanos' roof in 2000, water infiltrated the house, allegedly causing property damage and mold. The Pedanos filed suit against Frankel, alleging that his negligent construction and repairs led to the water leakage.

Frankel was listed as an additional insured on a commercial general liability policy issued by Zurich with a $1 million each occurrence policy limit. Frankel

---

[1] Because this appeal is from a grant of summary judgment, we view the evidence in the light most favorable to the nonmoving party. See Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554, 556 (11th Cir. 1997). Accordingly, the facts as recited here are viewed in the light most favorable to appellants.

notified Zurich of the Pedanos' lawsuit, and Zurich responded with a letter committing to participate in Frankel's defense but reserving all rights under the policy. Zurich hired a lawyer, Michael Kraft ("Kraft"), to defend Frankel. In later correspondence, Zurich stated that it believed some of the Pedanos' claims fell outside of the policy coverage. However, Zurich continued to provide Frankel with Kraft as defense counsel.

In April 2004, the parties in the Pedanos' lawsuit participated in court-ordered mediation. Present at the mediation were Frankel's representative, counsel for Frankel, Kraft, the Pedanos and the Pedanos' lawyer. A representative for Zurich attended the mediation by phone, but spoke only with Kraft. As a result of mediation, Frankel and the Pedanos reached a settlement of $1.8 million. Under the agreement, Frankel would assign his insurance claim with Zurich to the Pedanos. Zurich did not expressly consent to this settlement, although Kraft did not state to anyone in the mediation that Zurich objected to the settlement.

After the mediation, Zurich informed Frankel that it did not consider itself bound to the settlement because Frankel had entered the settlement without Zurich's express consent.[2] In August 2004, Zurich filed a declaratory judgment action,

---

[2] The policy contained several clauses regarding the insured's obligations in the event of a lawsuit and settlement negotiations:

seeking a judgment that Zurich was not bound by the settlement agreement because Frankel had failed to obtain Zurich's authorization to enter into the settlement. After a period of discovery, the district court granted summary judgment to Zurich. Frankel and the Pedanos now appeal.

## II. DISCUSSION

We review a grant of summary judgment <u>de novo</u>, viewing the evidence in the light most favorable to the non-moving party and applying the same legal standards as the district court. <u>Gitlitz</u>, 129 F.3d at 556. Summary judgment is appropriate when the pleadings and other evidence demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

---

2.        Duties in The Event of Occurrence, Claim or Suit. . . . .
      c.       You and any other involved insured must: . . .
            3.     cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
      d.       No insured will, except at the insured's own cost, voluntarily make a payment, assume an obligation, or incur any expense, other than for first aid, without our consent.
3.       Legal Actions Against Us
      No person or organization has a right under this Coverage Part:
      a.       To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
      b.       To sue us on this Coverage Part unless all of its terms have been fully complied with.
A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

4

Fed. R. Civ. P. 56(c).

In this case, the district court found that there was no genuine issue of material fact regarding whether Zurich consented to the settlement, entitling Zurich to judgment as a matter of Florida law. The district court's holding was based in large part on one of Frankel's responses to Zurich's requests for admission. Asked to admit that "Frankel did not obtain Zurich's authorization to enter into the Memorandum of Settlement reached during the April 22, 2004 mediation," Frankel replied "admitted." As a result, the district court held, appellants could not assert that there was a genuine issue of material fact regarding Zurich's consent to the settlement.

On appeal, appellants challenge the district court's determination that there is not a genuine issue of material fact, and also assert that Zurich should be estopped from arguing that Frankel was not authorized to enter into the settlement. We consider each of these arguments in turn below.

A.    Genuine Issue of Material Fact Regarding Zurich's Authorization

Appellants argue that there is a genuine issue of material fact regarding whether Zurich authorized the settlement because the request for admission was ambiguous and Kraft acted as Zurich's agent in the mediation. Federal Rule of Civil Procedure 36 governs requests for admissions. Under the rule, "[a] matter admitted . . . is conclusively established unless the court, on motion, permits the admission to

be withdrawn or amended." Fed. R. Civ. P. 36(b). If the answering party finds a request for admission wanting, the party may object to the request, stating the grounds for objection. Fed. R. Civ. P. 36(a)(5). Thus, Rule 36 itself contains two procedures for responding to problematic requests for admission: raising an objection or moving the court to withdraw or amend the admission.

In this case, Frankel neither objected to the request for admission regarding Zurich's authorization in his response nor filed a motion with the court seeking to withdraw or amend his response. Therefore, under Rule 36, Frankel's admission that he did not obtain Zurich's authorization before entering into the settlement agreement is conclusively established. Even though appellants argue that Kraft's conduct in the mediation could allow a jury to conclude that Zurich was consenting to the settlement, we cannot ignore Frankel's admission.[3] See Hughes v. Vanderbilt Univ., 215 F.3d 543, 549 (6th Cir. 2000) (holding that plaintiff's statement in her initial pleading that information about the alleged medical experiments was widely publicized in 1994 "constitute[d] an admission that a reasonable person should have been aware of the claims at issue by that date" despite plaintiff's subsequent,

---

[3] We note that appellants argue for the first time on appeal that Zurich's request for admission was ambiguous. In general, this Court does not entertain arguments raised for the first time on appeal. See Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994). We see no reason to deviate from that general rule in this case. Therefore, we do not reach the merits of appellants' ambiguity argument here. Moreover, we note that appellants have failed to identify in what manner the admission is ambiguous.

conflicting affidavit). Similarly, we cannot accept the argument that Kraft was acting as Zurich's agent in the settlement negotiations. Under Florida law, any defense counsel hired to represent the insured is an independent contractor, and the insurer is not vicariously liable for counsel's acts and omissions. See Aetna Cas. & Sur. Co. v. Protective Nat'l Ins. Co. of Omaha, 631 So. 2d 305, 308 (Fla. Dist. Ct. App. 1994). Because Frankel admitted that he did not obtain Zurich's authorization before agreeing to the settlement, there is no genuine issue of material fact and Zurich is entitled to judgment as a matter of law.

B.    Estoppel

Appellants also argue that Zurich should be estopped from arguing that the settlement was unauthorized. Under Florida law, equitable estoppel is to be applied with great caution, and each element must be proven with clear and convincing evidence. Watson Clinic, LLP v. Verzosa, 816 So. 2d 832, 834 (Fla. Dist. Ct. App. 2002). In order to succeed with a defense of equitable estoppel, the party claiming estoppel must prove that: "(1) the party against whom estoppel is sought must have made a representation about a material fact that is contrary to a position it later asserts; (2) the party claiming estoppel must have relied on that representation; and (3) the party seeking estoppel must have changed his position to his detriment based on the representation and his reliance on it." Id. In this case, appellants cannot prove

the first element. Zurich made no representation, through Kraft or otherwise, that it authorized Frankel to enter into the settlement. As a result, Zurich is not estopped from arguing that Frankel was not authorized to enter into the settlement. Accordingly, the judgment of the district court is

**AFFIRMED.**[4]

---

[4]Appellants' request for oral argument is DENIED.