MALVIN WASHINGTON, Special Adm'r of the Estate of Magnolia Washington, Plaintiff-Appellee, v. CASEYVILLE HEALTH CARE ASSOCIATION, INC., d/b/a Virgil L. Calvert Care Center, Defendant-Appellant.

Fifth District   No. 5—96—0022

Opinion filed October 11, 1996.

98

Melissa Griggs, of Burroughs, Hepler, Broom, MacDonald & Hebrank, of Edwardsville, for appellant.

Jeffrey S. Hammel, of Belleville, for appellee.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

Defendant, Caseyville Health Care Association, Inc., d/b/a Virgil L. Calvert Care Center, appeals from that portion of the trial court's order granting plaintiff's motion to enforce a settlement agreement entered into between defendant and plaintiff, Therman Washington (Therman) as special administrator of the estate of Magnolia Washington (Magnolia). On appeal, defendant contends that the trial court's order granting the motion to enforce was erroneous because the court's jurisdiction was suspended at the time it approved the settlement agreement, since Therman was deceased at the time the

settlement agreement was signed by plaintiff's attorney (attorney Hammel) and attorney Hammel had no authority to sign the agreement. We reluctantly agree and reverse the trial court's order granting the motion to enforce the settlement agreement. We also vacate the court's order approving the settlement agreement. We additionally remand this cause for further proceedings in accordance with this opinion.

## I. FACTS

Essentially, the facts of this case, as alleged in the pleadings and motions filed, are that Magnolia was a resident of defendant nursing home on or about December 23, 1991. On December 25, 1991, it was discovered that she had bilateral fractures of her legs. Subsequently, Therman, as guardian of the person and estate of Magnolia, his mother, filed a complaint on December 21, 1992, in which defendant was charged with negligence, with a violation of the Nursing Home Care Act (210 ILCS 45/1—101 *et seq.* (West 1992)), and under a theory of *res ipsa loquitur.*

On June 28, 1995, attorney Hammel filed a motion for leave to amend the complaint by interlineation, and in this motion, it was stated that Magnolia died on July 3, 1994, and it was asked that Therman, as special administrator of Magnolia's estate, be substituted as plaintiff. The court entered an order that same day allowing the motion and substituting Therman, as special administrator of Magnolia's estate, as plaintiff.

On August 29, 1995, the trial court entered an order in which it was stated that the parties announced that the case was settled. A letter in the record indicates that defendant accepted plaintiff's offer to settle for $49,500 on August 28, 1995. At the time of the entry of the order approving the settlement agreement, attorney Hammel did not disclose to the court or to defendant that Therman had died on August 22, 1995, a little less than a week before the settlement agreement was entered into.

On September 28, 1995, attorney Hammel filed a notice of hearing in which counsel stated he would present a motion to substitute Malvin Washington (Malvin) as special administrator for Magnolia's estate, in place of Therman, on October 10, 1995. In correspondence sent by facsimile to defendant's counsel, attorney Hammel sent a copy of a motion to substitute Malvin as special administrator, a copy of an "Oath of Special Administrator," and a copy of a document entitled "Special Administrator's Letter of Direction and Engagement," which was signed by Malvin and attorney Hammel. This correspondence to defendant's counsel is dated September 26, 1995, but

the signed documents transmitted with the letter are dated August 30, 1995, the day after the court approved the settlement agreement. The letter of direction and engagement stated that Malvin authorized attorney Hammel to settle this case for $49,500. There is nothing in the record indicating that the hearing of October 10, 1995, was ever held.

On October 24, 1995, attorney Hammel filed a motion to enforce the settlement agreement and for other relief. This motion also sought to have quashed a subpoena and a subpoena *duces tecum* for attorney Hammel and his files. Defendant filed an objection to plaintiff's motion to enforce and to counsel's motions to quash subpoenas. A hearing on the motions was held on November 6, 1995, and on December 5, 1995, the trial court entered a written order in which it granted the motion to enforce the settlement agreement, granted attorney Hammel's motions to quash, and granted the motion to substitute Malvin as special administrator of Magnolia's estate. Defendant appeals this order.

## II. ANALYSIS

Defendant contends that the trial court erred when it granted plaintiff's motion to enforce the settlement agreement. Its argument of this issue is: (a) that the court's jurisdiction was suspended at the time it approved the settlement agreement and the court could not proceed until a new special administrator was appointed as a party plaintiff; (b) that the attorney-client relationship between Therman and attorney Hammel terminated upon Therman's death, which also terminated attorney Hammel's authority to sign the settlement agreement; and (c) that at the time attorney Hammel appeared before the court for approval of the settlement agreement, he had an obligation to inform the court and defense counsel that Therman had died. Defendant raises two additional issues: (1) that the court erred in denying defendant a hearing on attorney Hammel's motions to quash subpoenas; and (2) that the trial court erred in granting attorney Hammel's motion to substitute Malvin as special administrator of Magnolia's estate if the order was entered *nunc pro tunc*.

■ We initially consider defendant's contention that the court's jurisdiction was temporarily suspended until such time as there was a new special administrator appointed in the case. We find we must agree. It is axiomatic that for every suit, there must always be a plaintiff, a defendant, and a court. *Mitchell v. King*, 187 Ill. 452 (1900). An attorney's employment and his authority are revoked by the death of his client, so an attorney cannot proceed where he does not represent a plaintiff or a defendant. *Mitchell*, 187 Ill. 452.

•2 In the instant case, Therman died on August 22, 1995. At the time attorney Hammel and defense counsel appeared before the court to have the settlement agreement approved on August 28, 1995, there was no plaintiff of record. Malvin may have signed papers as a personal representative, but these were signed on August 30, 1995, and there is nothing in the record to show that Malvin had been appointed as Magnolia's special administrator even on that date. Malvin's appointment as special administrator did not occur until December 5, 1995. Thus, there was no plaintiff that Hammel represented, since a personal representative is the only person authorized to make decisions for an estate. Without a client, attorney Hammel had no authority to proceed with the settlement agreement after Therman's death, until such time as a new personal representative was appointed. *In re Marriage of Fredricksen*, 159 Ill. App. 3d 743 (1987). Because there was no plaintiff, the court's jurisdiction was suspended until a party plaintiff was appointed, and the court's order approving the settlement agreement was invalid.

This same conclusion would be reached applying simple agency principles. Generally, an attorney is an agent of his client, even though as to his physical activities he is an independent contractor. *American Environmental, Inc. v. 3-J Co.*, 222 Ill. App. 3d 242 (1991). Under agency principles, the death of the principal terminates the authority of the agent, even if the agent has no notice of the principal's death. Restatement (Second) of Agency § 120 (1958). Because attorney Hammel was an agent of Therman, his authority to act as Therman's agent ended at Therman's death.

In light of our foregoing ruling, we need not consider the other arguments under defendant's first issue, for to do so would be a useless act. However, with regard to defendant's claim that attorney Hammel had an obligation to disclose the death of his client, defendant appears to be alleging impropriety on the part of attorney Hammel. Our reading of the record does not seem to support this allegation. Attorney Hammel may not have had the knowledge of his client's death at the time he appeared before the court or even at the time he agreed to settle the case, for Therman's death was on August 22, 1995, and the agreed settlement was made on August 28, 1995, only six days later. In addition, attorney Hammel did notify the court of Therman's death in a reasonable time frame.

■ Further, with regard to defendant's second issue, that the court erred in not granting it a hearing on attorney Hammel's motions to quash subpoenas, we find there is no reason to address this issue since the information needed to resolve the issue of whether attorney Hammel had the requisite authority, *i.e.*, the dates when

Therman died, when the death of Therman was made of record, when the motion to substitute special administrator was made and presented to the court, and when the settlement agreement was entered into, was already in the record. We also note that defendant does not cite to any relevant authority with regard to this issue, in violation of Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)). Failure to cite relevant authority waives consideration of the issue. *Britt v. Federal Land Bank Ass'n*, 153 Ill. App. 3d 605 (1987).

■ Lastly, we find defendant's final issue, that the court erred in entering its order appointing Malvin as special administrator *nunc pro tunc*, to be without merit. There is nothing in the record indicating that the court entered the order on December 5, 1995, *nunc pro tunc*. At the hearing on November 6, 1995, the last words spoken by the court were:

"Okay, so I see no problem with appointing him [Malvin] today." Similarly, in the court's written order, the court simply said that it would allow the motion to substitute Malvin as special administrator. The court did not use the words *nunc pro tunc* in its oral pronouncement substituting Malvin or in its written order. Therefore, there is no reason to find that the court entered its order substituting Malvin as special administrator *nunc pro tunc*. Defendant does not challenge the appointment of Malvin but only questions whether the order is retroactive. Thus, that portion of the court's order substituting Malvin as special administrator still stands.

### III. CONCLUSION

For the foregoing reasons, that portion of the court's order substituting Malvin as special administrator is affirmed. That portion of the circuit court's order granting plaintiff's motion to enforce settlement is reversed. Additionally, the order approving the settlement agreement is vacated, and this cause is remanded for further proceedings in accord with this decision.

Affirmed in part, reversed in part, and vacated in part; cause remanded.

WELCH and MAAG, JJ., concur.