SHORT BROTHERS CONSTRUCTION, INC., Plaintiff-Appellee, v. KORTE AND LUITJOHAN CONTRACTORS, INC., Defendant-Appellant (Safeco Insurance Company of America *et al.*, Defendants).

Fifth District    No. 5—04—0263

Opinion filed March 30, 2005.

Thomas W. Burkart and Karen D. Burkart, both of Burkart Law Offices, of Hamel, for appellant.

John R. Patchett, of Patchett Law Office, of Marion, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This appeal is brought from a mediation order entered by the circuit court of Williamson County referring this lawsuit, brought by Short Brothers Construction, Inc., against Korte & Luitjohan Contractors, Inc., Safeco Insurance Company of America, and Carterville Community Unit School District No. 5, to mediation pursuant to a local rule of the First Judicial Circuit that gives circuit court judges discretion to refer any civil case to mediation. The trial court entered the mediation order on its own motion. The local rule provides that, upon an assignment to mediation, all further action in the court case shall be stayed until the mediation is complete. Korte & Luitjohan Contractors, Inc., appeals from the mediation order.

The appellant posits this court's jurisdiction on Supreme Court Rule 307(b) (188 Ill. 2d R. 307(b)), which provides for an appeal from certain interlocutory orders when they are entered *ex parte*. Among the types of interlocutory orders that are appealable under Supreme Court Rule 307 are orders granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. 188 Ill. 2d R. 307(a)(1). The appellant argues that the mediation order constitutes an order in the nature of an injunction, in that it orders the parties to submit the case to mediation and also acts as a stay on any further proceedings in the trial court pending the completion of the mediation process.

The appellee, Short Brothers Construction, Inc., has filed a motion to dismiss this appeal for the reason that the mediation order is not a final and appealable order and is not an appealable interlocutory order because it is merely ministerial or administrative in nature and is not in the nature of an injunction. We have ordered the motion to be taken with the case. Because we agree with the appellee's position, we dismiss this appeal.

Whether an order constitutes an appealable injunctive order under Rule 307(a)(1) must be determined from its substance rather than its form. *Burns v. Celotex Corp.*, 225 Ill. App. 3d 200, 202 (1992). While the term "injunction" is to be broadly construed and actions of the circuit court having the force and effect of injunctions are appealable even if called something else, not every nonfinal order of a court is appealable, even if it compels a party to do or not do a particular thing. *In re a Minor*, 127 Ill. 2d 247, 260-62 (1989). Orders of the circuit court that regulate only the procedural details of the litigation before the court, which thus can be properly characterized as merely "ministerial" or "administrative," cannot be the subject of an interlocutory appeal. *In re a Minor*, 127 Ill. 2d at 262. Examples of such orders include subpoenas, discovery orders, and orders relating to the control of the court's own docket. *In re a Minor*, 127 Ill. 2d at 262; *In re Asbestos Cases*, 224 Ill. App. 3d 292, 297 (1991). Such orders can be considered noninjunctive because they did not form a part of the power traditionally reserved to courts of equity but, instead, were a part of the inherent power possessed by any court to compel witnesses to appear before it and give testimony and to control its own docket. *In re a Minor*, 127 Ill. 2d at 262; *In re Asbestos Cases*, 224 Ill. App. 3d at 297. Such orders do not affect the relationship of the parties in their everyday activity apart from the litigation, and they are therefore distinguishable from traditional forms of injunctive relief. *In re a Minor*, 127 Ill. 2d at 262.

We believe that the mediation order entered in the case at bar falls into this category of administrative, noninjunctive orders, which are not appealable under Supreme Court Rule 307(a)(1). It seems self-evident that the purpose of the mediation process, and the mediation order in the case at bar, is to streamline the judicial process by encouraging compromise and settlement, if not of the entire controversy then at least some portions of it, thereby reducing the workload of the circuit court and lessening the expense and burden to the parties. The mediation order is clearly related to the circuit court's inherent authority to control its own docket. The mediation order is ministerial or administrative in nature, rather than injunctive in nature, because it is regulating the procedural details of the litigation, rather than affecting the rights of the parties. See *In re Asbestos Cases*, 224 Ill. App. 3d at 297. The mediation order relates only to the conduct of the litigation; it does not affect the relationship of the parties in their everyday activity apart from the litigation. Like the escrow order found to be nonappealable in *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 102 (2001), a mediation order is an interim order, which does not establish or affect the rights of the parties but preserves them until those rights can be established.

Because the mediation order entered by the circuit court is ministerial or administrative in nature rather than injunctive in nature, it is not appealable pursuant to Supreme Court Rule 307(a)(1). We therefore have no jurisdiction to consider this appeal and hereby dismiss it.

For the foregoing reasons, this appeal is hereby dismissed.

Appeal dismissed.

DONOVAN, P.J., and HOPKINS, J., concur.