2019 IL App (1st) 180644WC
No. 1-18-0644WC
Opinion filed March 29, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION

_____

| | | |
|---|---|---|
| ILLINOIS STATE TREASURER, as *ex-officio* custodian of the Injured Workers' Benefit Fund, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 17-L-50583 |
| ESTATE OF GYULA KORMANY, A-TECH STUCCO EIFS COMPANY, and the ILLINOIS WORKERS' COMPENSATION COMMISSION, | ) ) ) ) ) | |
| Defendants, | ) ) | Honorable |
| (Estate of Gyula Kormany and A-Tech Stucco EIFS Company, Defendants-Appellees). | ) ) | James M. McGing, Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justices Hoffman, Cavanagh, and Barberis concurred in the judgment and opinion.

**OPINION**

¶ 1     In April 2008, Gyula Kormany (Kormany) filed an application for adjustment of claim seeking benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2008)) for injuries he allegedly sustained while working for A-Tech Stucco EIFS

Company (A-Tech). In June 2009, the circuit court of Cook County found that A-Tech's workers' compensation insurance carrier had no duty to defend or indemnify A-Tech against Kormany's workers' compensation claim because A-Tech had breached the insurance contract. Kormany subsequently amended his application for adjustment of claim to name as a party the Illinois State Treasurer (Treasurer), as *ex officio* custodian of the Injured Workers' Benefit Fund (Fund). After finding that Kormany's accident arose out of and in the course of his employment with A-Tech, the arbitrator awarded medical expenses and permanent partial disability benefits. The arbitrator also concluded that the Fund was liable for payment of the award because, although A-Tech had workers' compensation insurance at the time of the accident, it "failed to provide coverage" within the meaning of section 4(d) of the Act (820 ILCS 305/4(d) (West 2008)) by breaching the insurance contract. A majority of the Illinois Workers' Compensation Commission (Commission) affirmed and adopted the decision of the arbitrator. The circuit court of Cook County confirmed the decision of the Commission. The Treasurer timely appealed.

¶ 2    We observe that in October 2014, prior to the arbitration hearing, Kormany died of causes unrelated to his workers' compensation claim. There is no evidence of record that a personal representative was appointed and substituted as the petitioner following Kormany's death. Instead, the application for adjustment of claim was amended to substitute the Estate of Kormany as petitioner. When confronted with similar circumstances, Illinois courts have found that the plaintiff's death suspended the court's jurisdiction until the appointment of a proper party plaintiff. See *Voga v. Voga*, 376 Ill. App. 3d 1075, 1079 (2007) (finding that party's death suspended the trial court's jurisdiction until the court appointed a proper successor plaintiff); *Washington v. Caseyville Health Care Ass'n*, 284 Ill. App. 3d 97, 100-01 (1996) (holding that client's death terminated attorney's authority and, since there was no plaintiff, the court's

jurisdiction was suspended until a party plaintiff was appointed). Accordingly, we hold that Kormany's death suspended the Commission's jurisdiction over his claim until such time as a personal representative of Kormany's estate was properly appointed and substituted as the petitioner. In the absence of such an appointment and substitution, the Commission's decision was premature and therefore improper. As a result, both the decision of the Commission and the judgment of the circuit court must be vacated.

¶ 3    During oral arguments, the attorney representing the party denominated as the Estate of Gyula Kormany suggested that if the gross value of Kormany's estate is less than $100,000, the claim could proceed under section 25-1 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/25-1 (West 2008)), which provides for the payment or delivery of a small estate upon affidavit. While section 25-1 of the Probate Act undoubtedly permits the *distribution* of an estate's assets by means of a small-estate affidavit, we find this to be separate and distinct from the requirement that a personal representative of the decedent's estate be appointed to *prosecute* a workers' compensation claim that is pending and unresolved at the time of the employee's death. Indeed, this circumstance is no different from when a plaintiff in a pending common law action dies. In such circumstances, a personal representative of the deceased plaintiff's estate is appointed and substituted as the party plaintiff. See 735 ILCS 5/2-1008(b) (West 2008); *In re Marriage of Fredricksen*, 159 Ill. App. 3d 743, 744-45 (1987). Thus, while the proceeds of a judgment may be distributed pursuant to the small-estate procedure outlined in the Probate Act, no authority has any been cited to us that would permit the prosecution of an action absent the appointment of a personal representative.

¶ 4    For the reasons set forth above, we are compelled to vacate the judgment of the circuit court and the decision of the Commission and remand the case to allow a properly appointed

representative of Kormany's estate to be substituted as the petitioner and for further proceedings thereafter.

¶ 5       Circuit court judgment vacated.

¶ 6       Commission decision vacated, and cause remanded.