2019 IL App (1st) 191698-U

FIFTH DIVISION
Order filed: November 15, 2019

No. 1-19-1698

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MICHAEL W. UNDERWOOD, *et al.*, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | No. 13 CH 17450 |
| | ) | |
| CITY OF CHICAGO, a Municipal Corporation; | ) | |
| TRUSTEES OF THE POLICEMEN'S ANNUITY | ) | |
| AND BENEFIT FUND OF CHICAGO; TRUSTEES | ) | |
| OF THE FIREMEN'S ANNUITY AND BENEFIT | ) | |
| FUND OF CHICAGO; TRUSTEES OF THE | ) | |
| MUNICIPAL EMPLOYEES' ANNUITY AND | ) | |
| BENEFIT FUND OF CHICAGO; AND TRUSTEES | ) | |
| OF THE LABORERS' & RETIREMENT BOARD | ) | |
| EMPLOYEES' ANNUITY & BENEFIT FUND OF | ) | |
| CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants-Appellees. | ) | Honorable |
| | ) | Neil H. Cohen, |
| (Krislov & Associates, Ltd., Appellant). | ) | Judge, Presiding. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Connors and Delort concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We dismissed this appeal for lack of appellate court jurisdiction.

¶ 2    The plaintiffs[1] and their counsel, Krislov & Associates, Ltd. (Krislov), appeal from an order of the circuit court of Cook County entered on August 8, 2019, denying their "Emergency Motion for Preliminary Injunction: To Preserve the Status Quo and Enforce Plaintiffs' Attorney Lien for Protection and Preservation of Attorney's Fees – Requesting Escrow of One-Third of Subsidy Payment of the City to the Funds – To Avoid Mootness on Appeal" (Emergency Motion for Preliminary Injunction). For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

¶ 3    This case spans years of litigation concerning health benefits for the City of Chicago's (City) retired employees. We will limit the factual recitation in this decision to the procedural posture directly affecting the threshold question before us: whether we have jurisdiction to review the circuit court's denial of the Emergency Motion for Preliminary Injunction.

¶ 4    On February 1, 2019, the plaintiffs and Krislov filed a motion requesting that the circuit court escrow one-third of the subsidy payments due from the City for the retiree-plaintiffs' health insurance to protect Krislov's claim for attorneys' fees. The circuit court denied the motion on February 28, 2019, finding that the health subsidy payments due from the City are exempt from attachment for attorneys' fees, citing this court's decision in *Johnson v. Municipal Employees', Officers', & Officials' Annuity & Benefit Fund of Chicago*, 2018 IL App (1st) 170732. Thereafter, the plaintiffs and Krislov filed a motion for a Supreme Court Rule 383 (eff. July 1, 2017) supervisory order, requesting that the supreme court order the escrow of one-third of the health insurance subsidy payments to protect Krislov's attorneys' fees. The supreme court denied the motion on April 16, 2019. *Underwood v. Cohen,* No. 124710 (Ill. April 16, 2019) (supervisory

_____

[1] This litigation contains over 300 named plaintiffs, including the following: Michael W. Underwood, Joseph M. Vuich, Raymond Scacchitti, Robert McNulty, John E. Dorn, William J. Selke, Janiece R. Archer, Dennis Mushol, Richard Aguinaga, James Sandow, Catherine A. Sandow, and Marie Johnston. A complete list of the named plaintiffs is absent from the record on appeal.

order).

¶ 5    On June 11, 2019, the plaintiffs and Krislov filed a "Motion to Escrow to Protect Common Fund Attorneys Fee [sic] from Subsidy Payments and for Common Fund Attorneys' Fees From the Funds [sic] Subsidy Payments." The circuit court denied the motion on July 17, 2019, reasoning that, pursuant to this court's decision in *Johnson*, the health subsidy payments due from the City are exempt from attachment for attorneys' fees on any theory.

¶ 6    On July 29, 2019, the plaintiffs and Krislov filed the Emergency Motion for Preliminary Injunction, again requesting the circuit court to order one-third of the subsidy payments due from the City for the retiree-plaintiffs' health insurance placed in escrow to protect Krislov's claim for attorneys' fees. The circuit court denied that motion on August 8, 2019, concluding that it was, in substance, a motion for reconsideration of its earlier orders of February 28, 2019, and July 17, 2019. The plaintiffs and Krislov filed the instant appeal, asserting this court's jurisdiction under Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2016). For the reasons which follow, we dismiss this appeal for want of jurisdiction.

¶ 7    Supreme Court Rule 307(a)(1) provides for an appeal as of right from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an *injunction*." (Emphasis added.) An injunction is "a 'judicial process operating *in personam* and requiring [a] person to whom it is directed to do or refrain from doing a particular thing.' " *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 221 (2000) (quoting *In re A Minor*, 127 Ill. 2d 247, 261 (1989)). Although the term " 'injunction' is to be broadly construed and actions of the circuit court having the force and effect of injunctions are appealable even if called something else, not every nonfinal order of a court is appealable [under Rule 307(a)(1)], even if it compels a party to do or not do a particular thing." *Short Brothers Construction v. Korte & Luitjohan Contractors, Inc.*, 356 Ill. App. 3d 958,

960 (2005). Although an order may be injunctive in nature, it will not be subject to review pursuant to Rule 307(a)(1) "unless it was interlocutory, *not permanent*, in nature." (Emphasis added.) *Santella v. Kolton*, 393 Ill. App. 3d 889, 903 (2009). Rule 307(a)(1) applies to interlocutory injunction orders that "preserve the status quo pending a decision on the merits, conclude no rights, and are limited in duration, in no case extending beyond the conclusion of the action." *Id.* Rule 307(a)(1) does not apply to permanent orders, "which are orders that are not limited in duration and alter the status quo. [Citations.] Such orders constitute final orders and are only appealable under Rule 301 or 304(a), if those rules are otherwise applicable. [Citation.]" *Id.* It follows, therefore, that Rule 307(a)(1) is also inapplicable to orders denying requests for relief which are permanent in nature.

¶ 8     Although the relief sought by the plaintiffs and Krislov in their Emergency Motion for Preliminary Injunction was injunctive in nature, as it requested an order to escrow a portion of the health insurance subsidy payments due from the City; in order to grant the relief, the circuit court would have been required to first adjudicate Krislov's right to payment of its attorneys' fees from the health insurance subsidy payments due from the City. The relief sought is in the nature of a final order disposing of an issue in controversy, namely, Krislov's right to payment of its attorneys' fees from the health insurance subsidy payments.

¶ 9     We conclude, therefore, that the right of the plaintiffs and Krislov to appeal the circuit court's order of August 8, 2019, denying the Emergency Motion for Preliminary Injunction does not lie under Supreme Court Rule 307(a)(1). Neither does our jurisdiction attach under either Supreme Court Rules 301 (eff. Feb. 1, 1994) or 304(a) (eff. Mar 8, 2016) as the record reflects that issues remained pending in the circuit court at the time of the entry of the August 8, 2019 order and the order does not contain language that no just reason exists to delay its enforcement or

appeal. See Supreme Court Rule 304(a).

¶ 10    Appeal dismissed.