2026 IL App (2d) 250425-U
No. 2-25-0425
Order filed March 26, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

STANGARONE, NICHOLAS G., Special Representative of the Estate of CONCETTA V. STANGARONE, deceased, Plaintiff-Appellant,
v. ENDEAVOR HEALTH CLINICAL OPERATIONS, d/b/a NorthShore University Health Systems, Defendant-Appellee.

Appeal from the Circuit Court of Lake County.
Honorable Jorge L Ortiz, Judge, Presiding.
No. 24-LA-904

JUSTICE HUTCHINSON delivered the judgment of the court.
Justice Birkett concurred in the judgment.
Justice Jorgenson dissented.

**ORDER**

¶ 1   *Held*:   The trial court erred in ordering appellant to open a probate estate in lieu of utilizing a small estate affidavit where (1) the plain language of section 2-1008(b)(1) of the Code of Civil Procedure and Lake County local rule 2-2.18 do not require a probate estate to be opened, and (2) per the bystander's report, the estate met the criteria necessary for utilization of a small estate affidavit.

¶ 2   Appellant, Nicholas G. Stangarone, appeals from the denial of his motion to allow plaintiff to submit a small estate affidavit, pursuant to 755 ILCS 5/25-1 (West 2024), in lieu of opening a probate estate. For the following reasons, we vacate and remand.

¶ 3                                    I. BACKGROUND

¶ 4    On August 26, 2024, Concetta Stangarone fell outside a NorthShore University HealthSystem (hereinafter "NorthShore") facility in Highland Park, Illinois. She struck her head on the concrete and sustained a serious head injury and a fractured right hip. She filed a one-count complaint on December 6, 2024, alleging, *inter alia*, that NorthShore failed to exercise a degree of ordinary care in maintaining the sidewalk outside of its facility. As a result of that failure, she suffered damages in excess of $50,000.00.

¶ 5    After negotiations, NorthShore extended a settlement offer in the amount of $25,000.00. Concetta accepted this offer on August 22, 2025, but died intestate the following day.

¶ 6    On August 25, 2025, appellant, Nicholas Stangarone, filed a motion to spread death of record and substitute plaintiff. The court granted the motion. Nicholas was appointed as special representative of Concetta's estate pursuant to 735 ILCS 5/2-1008(b)(1) (West 2024) and an amended complaint substituting Nicholas as plaintiff was filed.

¶ 7    At a status hearing on September 2, 2025, Nicholas's counsel informed the trial court of his intention to submit a small estate affidavit pursuant to 755 ILCS 5/25-1, in lieu of opening a probate estate. The trial court directed him to open a probate estate and to present probate vouchers on November 5, 2025.

¶ 8    On September 5, 2025, Nicholas filed a motion for leave to use a small estate affidavit in lieu of opening a probate estate. At the hearing on September 10, 2025, he argued that his motion should be granted because "the gross value of the decedent's entire personal estate, including the value of all property passing to any party either by intestacy or under a will, does not exceed

$100,000 (755 ILCS 5/25-1(b)(6))[1] and no letters of office [were then] outstanding on the decedent's estate and no petition for letters [was] contemplated or pending in Illinois or any other jurisdiction (755 ILCS 5/25-1(b)(5))." The trial court denied the motion, noting that because the prosecution of a survival action is to be distinguished from the distribution of the survival action assets, a case must be filed in probate court. The trial court also noted that (1) there exists a Medicare lien; (2) the lienholders rights must be protected; and (3) Concetta did not execute a release prior to her death.

¶ 9     On September 17, 2025, Nicholas filed his timely notice of appeal.

¶ 10                                   II. ANALYSIS

¶ 11    Nicholas contends that the trial court improperly denied his motion where the "undisputed paper record before it [showed] that the gross value of the decedent's entire personal estate did not exceed $100,000 (755 ILCS 5/25-1(b)(6)), and no letters of office were now outstanding on the decedent's estate and no petition for letters were contemplated or pending in Illinois (755 ILCS 5/25-1(b)(5)).

¶ 12    We note that no appellee brief was filed. Instead, counsel for NorthShore filed a letter indicating that they did not take a position in the trial court, nor do they take a position in the appellate court. The supreme court has provided for three options we may utilize in the absence of an appellee's brief: (1) we may serve as an advocate for the appellee and decide the case when the court determines justice so requires, (2) we may decide the merits of the case if the record is simple and the issues can be easily decided without the aid of the appellee's brief, or (3) we may reverse

---

[1]Effective August 15, 2025, the statutory limit for using a small estate affidavit was increased. 755 ILCS 5/25-1 (West 2024). Now, the decedent's entire personal estate cannot exceed $150,0000. *Id.*

the trial court when the appellant's brief demonstrates *prima facie* reversible error that is supported by the record. *Thomas v. Koe*, 395 Ill. App. 3d 570, 573 (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133). Here, the record is simple and the issues can be easily decided without the aid of an appellee's brief.

¶ 13    We next address jurisdiction. Nicholas argues that we have jurisdiction pursuant to Illinois Supreme Court Rule 307(a)(1), which permits appeals as of right from interlocutory orders granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). He argues that the trial court's order required the initiation of an entirely new judicial process, which qualifies as an injunctive order. We agree.

¶ 14    "To determine what constitutes an appealable injunctive order under Rule 307(a)(1)[,] we look to the substance of the action, not its form." *In re A Minor*, 127 Ill. 2d 247, 260. "An injunction is a judicial process requiring a party to do a particular thing, or to refrain from doing a particular thing, but not every order with such a requirement is an injunction." *Zitella v. Mike's Transportation, LLC*, 2018 IL App (2d) 160702, ¶ 14. Ministerial or administrative orders that regulate only the procedural details of the litigation before the court cannot be the subject of an interlocutory appeal. *Id.* This is because these types of orders only affect the parties in the litigation itself; they do not affect the relationship of the parties in their everyday activities. *Id.* "Examples of such nonappealable orders include subpoenas, discovery orders, and orders relating to the court's control of its docket." *Id.* (citing *Short Brothers Construction, Inc. v. Korte & Luitjohan Contractors, Inc.*, 356 Ill. App. 3d 958, 960).

¶ 15    In the instant case, the trial court's order requires Nicholas to initiate an entirely new judicial process by opening a probate estate. This is evidenced by the trial court's order continuing the case for "status of probate vouchers." Lake County local rule 5-3.10 states that "[u]pon

- 4 -

presentation of an account, the representative shall furnish receipts for any distribution set forth in the account and a certificate of the representative stating that vouchers evidencing the disbursements are in the possession of the representative." Lake County Cir. Ct. R. 5-3.10 (Oct. 24, 2016). It follows that in order for Nicholas to be able to present probate vouchers, he must first open a probate estate, an entirely new judicial process.

¶ 16 This is not a ministerial or administrative order, as it affects the parties outside the premises liability case before the trial court. It is not merely an order to regulate the procedural details of the litigation. The dissent argues that the order *is* ministerial or administrative and notes that "[t]he law division case continued to be ongoing, not frozen until some action outside Nicholas's control would reinstate progress", but this is unsupported by the record. In fact, the trial court's order stays the distribution of any of the agreed settlement funds until some direction from the probate court is received. The trial court's order effectively stays the proceedings below. Although the law division case remains open, nothing more will occur within the case, including distribution of the agreed settlement funds, until Nicholas presents the trial court with probate vouchers. It is clear from the record that nothing further will occur in the underlying premises liability case without some order or direction from the probate court. An order of the court staying proceedings is injunctive in nature and reviewable under Rule 307(a)(1). *Health Care Service Corporation v. Walgreen Company*, 2023 IL App (1st) 230547, ¶ 17.

¶ 17 The dissent also relies on *Short Brothers Construction, Inc., v. Korte Luitjohan Contractors, Inc.*, 356 Ill. App. 3d 958 (2005), to support their position that jurisdiction is lacking. However, *Short Brothers* is distinguishable. In *Short Brothers,* a local rule gave trial court judges discretion to refer any case to civil mediation. *Short Brothers*, 356 Ill. App. 3d 958, 959. It did so, and defendant filed an appeal claiming jurisdiction under Illinois Supreme Court Rule 307(a). *Id.*

The reviewing court found that it lacked jurisdiction, as the mediation order constituted an administrative, noninjunctive order. *Id*. at 960. It reasoned that the purpose of the mediation process "is to streamline the judicial process by encouraging compromise and settlement," *id.* and therefore, the mediation order "related to the circuit court's inherent authority to control its own docket." *Id.* The reviewing court also noted that the mediation order did not affect the relationship of the parties in their activities outside the litigation. *Id.*

¶ 18    Here, the trial court's order *does* impact Nicholas outside of the litigation: the order requires him to initiate an entirely new judicial process by opening a probate estate. This is fundamentally different than a case being referred to mediation. Mediation is an attempt to allow the parties to compromise and settle, with the goal of reducing the workload of the trial court and decreasing the expense and burden of litigation to the parties. *Short Brothers*, 356 Ill. App. 3d 958, 960. In the instant case, the trial court has not funneled the parties to an alternative dispute resolution program, in the hope they resolve their issues without the intervention of the courts. Rather, the trial court essentially removed the option of distributing Concetta's estate by way of a small estate affidavit, instead requiring the distribution of her estate through probate, which unnecessarily increases the costs incurred by Concetta's estate.

¶ 19    For all those reasons, we respectfully disagree with the dissent and hold that the trial court's order constitutes an appealable injunctive order under Rule 307(a)(1), and we have jurisdiction to address this appeal.

¶ 20    Turning now to the merits. Nicholas argues that (1) where the criteria set forth in section 25-1 of the Probate Act of 1975 are met, the estate need not be admitted to probate and no letters of office need to be issued; (2) the trial court interfered with Nicholas's ability to exercise a

legislatively created right, thereby forcing the estate to incur thousands of dollars of unnecessary fees and costs; and (3) the trial court violated the separation of powers doctrine.

¶ 21　The standard of review in an interlocutory appeal is dictated by the nature of the question presented to the trial court. *Household Finance Corp. III v. Buber*, 351 Ill. App. 3d 550, 553 (quoting *LAS, Inc. v. Mini-Tankers, USA, Inc.*, 342 Ill. App. 3d 997, 1001). Here, as in both *Household Finance* and *LAS*, there were no disputed facts presented to the trial court. *Id.* The trial court did not make any factual findings or credibility determinations. Rather, it simply determined whether or not the settlement proceeds could be distributed via small estate affidavit, or if a probate estate must be opened. This poses a legal question, which we review *de novo*. *Makindu v. Illinois High School Ass'n*, 2015 IL App (2d) 141201, ¶ 32 ("[W]here the trial court does not make any factual findings and rules on a question of law, the appellate court's review is *de novo*."). Further, to the extent our analysis requires statutory interpretation, our review is also *de novo*. *Senese v. Village of Buffalo Grove*, 383 Ill. App. 3d 276, 278.

¶ 22　To assist in our analysis, we find it helpful to first explore exactly what a small estate affidavit is. Section 25-1 of the Probate Act of 1975 (755 ILC 5/25-1 (West 2008)) provides for the payment or delivery of a small estate upon affidavit. Use of this procedure makes it possible to avoid the time and expense generally associated with the probate process; the sworn affidavit will suffice for the transfer of the assets and resolution of debts of the decedent's personal estate. However, in order to utilize this procedure, the statutory requirements must be met. These requirements include:

> "(1) no letters of office are outstanding on the decedent's estate and no petition for
>
> letters is contemplated or pending in this State or in any other jurisdiction; and

(2) the decedent's personal estate passing to any party by intestacy or under a will is limited to:

(A) excluding motor vehicles registered ith the Secretary of State, tangible and intangible personal property not exceeding $150,000; and

(B) motor vehicles registered with the Secretary of State." 755 ILCS 5/25-1(a-5) (West 2024).

Prior to January 1, 2015, the only allowable debts under section 25-1 of the Probate Act of 1975 were unpaid funeral expenses. See 755 ILCS 5/25-1 (West 2014). However, Public Act 98-836, § 5, amended the statute to allow for other known unpaid debts to be included in the small estate affidavit. Compare 755 ILCS 5/25-1 (West 2024). This includes unpaid Medicare liens. See, *e.g.*, *Susan Long, as Special Administrator of the Estate of Madeline Kartel, Deceased, v. Manor Care of Elgin IL, LLC, et al.*, No. 2018-L-326 (Cir. Ct. Kane County, August 17, 2021).

¶ 23    Nicholas first argues that where the criteria set forth in section 25-1 of the Probate Act of 1975 are met, the estate need not be admitted to probate and no letters of office need to be issued. Because Concetta's estate met the criteria for a small estate affidavit under section 25-1 of the Probate Act, the trial court erred in ordering Nicholas to open a probate estate.

¶ 24    According to the bystander's report, the trial court relied on *Illinois State Treasurer v. Estate of Kormany*, 2019 IL App (1st) 180644WC, in denying Nicholas's motion and ordering him to open a probate estate. In *Kormany*, the petitioner died during the pendency of his workers' compensation claim. *Illinois State Treasurer v. Estate of Kormany*, 2019 IL App (1st) 180644WC, ¶ 2. The record contained no evidence that a personal representative was appointed and substituted for the petitioner following his death. *Id.* Instead, the application for adjustment of claim was amended to substitute "The Estate of Kormany" as petitioner. *Id.* The appellate court

determined that, absent the appointment and substitution of a personal representative, the lower courts did not have jurisdiction. *Id.* Therefore, it vacated the judgment of the circuit court and the decision of the Commission and remanded the case to allow for a properly appointed representative of Kormany's estate to be substituted as the petitioner and for further proceedings thereafter. *Id.* ¶ 4.

¶ 25 The *Kormany* court also noted that at oral argument, attorney for the petitioner's estate argued that if the gross value of Kormany's estate was less than $100,000, the claim could proceed under section 25-1 of the Probate Act of 1975 (755 ILC 5/25-1 (West 2008)), which provides for the payment or delivery of a small estate upon affidavit. *Id.* ¶ 3. The *Kormany* court rejected this argument, stating:

> "While section 25-1 of the Probate Act undoubtedly permits the *distribution* of an estate's assets by means of a small estate affidavit, we find this to be separate and distinct from the requirement that a personal representative of the decedent's estate be appointed to *prosecute* a worker's compensation claim that is pending and unresolved at the time of the employee's death." *Id.*

The trial court here focused on this distinction that the *Kormany* court made between the distribution of an estate's assets versus the prosecution of a decedent's claim. Thus, "a case must be filed in probate Court and, then, the Probate Court could decide whether to allow the representative to utilize a 'Small Estate Affidavit.'" However, the *Kormany* court made this distinction to show that the appointment of a representative was necessary to restore the court's jurisdiction (*Washington v. Caseyville Health Care Ass'n*, 284 Ill. App. 3d 97, 100-01 (holding that upon plaintiff's death, the court's jurisdiction was suspended until a party plaintiff was appointed)).

Here, a representative was appointed and substituted as plaintiff. Under 735 ILCS 5/2-1008(b)(1), this is sufficient for continued prosecution of the action. 735 ILCS 5/2-1008(b)(1) (West 2024).

¶ 26    Now that it has been established that Nicholas was properly appointed as representative and substituted as plaintiff so as to continue prosecuting the action, the question now becomes how must the settlement be distributed, and whether the trial court erred in requiring Nicholas to open a probate estate before distributing the settlement. Section 2-1008(b)(1) of the Code of Civil Procedure, which outlines protocol in a civil proceeding where the plaintiff dies, answers this question. In relevant portion, this subsection states as follows: "The proceeds of any judgment or settlement shall be distributed under the provisions of the Probate Act of 1975." (Emphasis added.) Id. This subsection does not require a probate estate to be opened to distribute settlement funds. Rather, it allows for distribution of settlement funds under any provision of the Probate Act of 1975. This includes section 25-1. By requiring Nicholas to open a probate estate, the trial court effectively read a limitation into the statute that the legislature did not express. Senese, 383 Ill. App. 3d at 279 ("[a] court is not permitted to ignore the plain meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express."). The trial court has essentially removed the option of distributing Concetta's estate by way of a small estate affidavit, instead requiring the distribution of her estate through probate.

¶ 27    Lake County local rule 2-2.18 also does not require the opening of a probate estate to distribute settlement funds. The rule reads as follows:

> "The procedure to be followed in law cases involving survival actions brought on behalf of a decedent by the representative appointed in the decedent's estate by the Probate Court, or a Special Representative appointed by the Trial Court, when pending in a Court other than the Probate Court shall be as follows:

1. The settlement of a pending lawsuit involving a survival action, without trial shall be presented for approval to the Judge hearing the case. If the Judge hearing the case approves the settlement, the Order approving the settlement shall set forth the attorney's compensation, the costs, the expenses, and the net amount distributable to the legal representative.

\* \* \*

3. The distributable amount received by a representative pursuant to Section A of this Rule is an asset of the decedent's estate and is further subject to the provisions of the Probate Act. The distributable amount shall be accounted for and administered in the decedent's estate. It shall be the responsibility of the representative to furnish a bond in a sufficient amount to cover any increase in the value of the personal estate occasioned by the distribution." Lake County Cir. Ct. R. 2-2.18 (Apr. 16, 2025).

This local rule, like section 2-1008(b) of the Code of Civil Procedure, allows for distribution of settlement funds under *any* provision of the Probate Act of 1975. This includes section 25-1.

¶ 23   Because (1) the plain language of section 2-1008(b)(1) of the Code of Civil Procedure and Lake County local rule 2-2.18 do not require a probate estate to be opened, and (2) per the bystander's report, Concetta's estate met the criteria necessary for utilization of a small estate affidavit—we find that the trial court erred in ordering Nicholas to open a probate estate in lieu of utilizing a properly constructed and verified small estate affidavit. As we have resolved the merits of the appeal, we need not address Nicholas's second and third arguments. Accordingly, we vacate and remand.

¶ 24   As a closing note, we recognize that the bystander's report also indicates that the trial court was concerned about the lienholder's rights: "The Court recognized the lienholder(s) rights must

be protected. *** The court was informed that there exists a Medicare Lien and that other creditors and heirs are entitled to notice." However, section 25-1 of the Probate Act considers lienholder's rights.

"The affiant, acting on behalf of the decedent's estate, is obligated to pay all valid claims against the decedent's estate before any distribution is made to any heir or legatee. The affiant signing the small estate affidavit prepared pursuant to subsection (b) of this Section shall indemnify and hold harmless all creditors, heirs, and legatees of the decedent and other persons, corporations, or financial institutions relying upon the affidavit who incur loss because of such reliance. That indemnification shall only be up to the amount lost because of the act or omission of the affiant." 755 ILCS 5/25-1(e) (West 2024).

Subsection (b), which outlines the affidavit itself, specifically includes a section to list unpaid debts.[2] 755 ILCS 5/25-1(b) (West 2024). Any Medicare lien in existence, as well as any other of the decedent's unpaid debts, would presumably be listed and paid prior to any distribution made to any heir or legatee. Further, allowing Nicholas to utilize a small estate affidavit at this juncture does not prohibit a creditor or lienholder from filing a petition to open a probate estate, as a creditor is an "interested person" under the Probate Act. See 755 ILCS 5/1-2.11 (West 2024); 755 ILCS 5/10-1, *et seq.*). As such, the lienholder rights are protected.

¶ 28                                  III. CONCLUSION

_____

[2]We note that this subsection allowing an affiant to list unpaid debts of the decedent is a relatively new addition to section 25-1 of the Probate Act, added by Public Act 98-836, § 5, effective January 1, 2015. Prior to that amendment, the only allowable debts were unpaid funeral expenses. See 755 ILCS 5/25-1 (West 2014).

¶ 29    For the reasons stated, we vacate the judgment of the circuit court of Lake County and remand for further proceedings consistent with this decision.

¶ 30    Vacated and remanded.

¶ 31    JUSTICE JORGENSEN, dissenting:

¶ 32    I respectfully dissent from the majority's conclusion that we have jurisdiction over this appeal.

¶ 33    This case involves an order denying a motion for leave to use a small estate affidavit in lieu of opening a probate estate. Nicholas's motion was heard and denied by the assigned trial judge and, upon denying his motion, the trial judge could have ended the day's proceedings, said no more, and done no more, thus, leaving Nicholas to figure out his options and determine his next steps. Had the trial court done so, we would not be at this junction, at least not under the guise of Rule 307(a). Instead, the trial court explained its ruling regarding the survival action and the process for prosecuting, as opposed to distributing, the proceeds of the settlement. In effect, the court explained that, based on what Nicholas had represented regarding potential liens, particularly an anticipated Medicare lien, he was in the wrong court and that resolution would properly be before the probate court. Further, as the order denying the motion was not a final order and law division case No. 24-LA-904 was not closed, the trial court set the law division case before it for status on the documentation that had been discussed.

¶ 34    I believe that the court's explanation and continuation for status did not create an injunction. It would be a slippery slope indeed if such a simple explanation of options and alternatives creates an injunction and is appealable as a matter of right. Under the majority's view, trial judges should certainly take heed and grant or deny relief *without* comment.

¶ 35    Case law requires far more to create an injunction, such as, for example, an order staying the proceedings in one case, pending the completion of proceedings in another case. In *TGI Insurance Co. v. Canel*, 389 Ill. App. 3d 366 (2009), the circuit court granted a motion for a stay in a pending legal malpractice case, pending the outcome of a declaratory action regarding coverage. The reviewing court held that the substance of the order was injunctive in nature and properly reviewable under Rule 307(a)(1). *Id.* at 371. In another example, the supreme court held that an order directed to a non-party newspaper publisher, prohibiting the publishing of the name of a minor charged in a shooting, was clearly an injunction because it necessarily operated as a restraint on the publisher's first amendment rights and was appealable under Rule 307(a)(1). *In re A Minor*, 127 Ill. 2d 247, 261 (1989). The court tempered its decision with the caveat that not every non-final order of a court is appealable, even if it compels a party to do, or not to do, a particular thing. *Id.* at 261-62. It elaborated that orders of the circuit court that can be properly characterized as "ministerial" or "administrative," because they regulate only the procedural details of the litigation before the court, cannot be the subject of an interlocutory appeal. *Id.* at 262.

¶ 36    Here, I believe the trial court's order was nothing more than ministerial or administrative. It simply informed Nicholas that his motion was denied, that it was not properly before the law division, and that it would instead be proper before the probate court. It did not order Nicholas to go to probate. Continuing the case for status on whether, or not, action was taken in probate court did nothing to compel Nicholas into probate court, nor did continuing the matter for status create a stay in the proceedings. The law division case continued to be ongoing, not frozen until some action outside Nicholas's control would reinstate progress. This is in contrast to *TIG Insurance*, where only the resolution of the underlying case would allow the plaintiff to continue with the pending legal malpractice case.

¶ 37     *Short Brothers Construction, Inc., v. Korte & Luitjohan Contractors, Inc.*, 356 Ill. App. 3d 958 (2005), is also enlightening. There, a local rule gave circuit court judges discretion to refer any civil case to mediation.  The court exercised that discretion on its own motion and ordered the parties to mediation, thereby staying the underlying proceedings until mediation was complete. The defendant filed an appeal, claiming the mediation order was effectively an injunction because it ordered the parties to mediate and stayed the underlying case. The appellee moved to dismiss, arguing the mediation order was not a final appealable order and further argued that it was not an appealable interlocutory order because it is merely ministerial or administrative in nature and in not in the nature of an injunction. The appellate court agreed and dismissed the appeal, holding the mediation order was clearly related to the circuit court's inherent authority to control its own docket.  *Id.* at 959-60. The mediation order, it concluded, was ministerial or administrative in nature, rather than injunctive in nature, because it was regulating the procedural details of the litigation; it did not affect the rights of the parties. *Id.* at 960. Thus, in *Short Brothers*, the parties, particularly the defendant-appellant, had the right to proceed to trial, but the court had discretion to compel mediation. Similarly, here, Nicholas had the right to move to file a small estate affidavit, but the court had discretion to deny that motion. Both in *Short Brothers* and here, the orders were non-final, not injunctive in nature, and merely ministerial or administrative; neither was appealable under Rule 307(a).

¶ 38     I note Nicholas was not without remedy. He had the option to ask the trial court for an order under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), which, if granted, could have put the merits of the matter properly before us on appeal.

¶ 39     This appeal from a non-final order is not injunctive and is not appealable under Rule 307(a). In the absence of Rule 304(a) language, we have no jurisdiction. I would dismiss this appeal for lack of jurisdiction.